### PEPPER v. SHEARER.

SERVICE OF SUMMONS—JURISDICTION.—A summons and complaint on a civil contract served on a non-resident by publication, and by personal service outside of the State, does not give the courts of this State jurisdiction of the defendant.

Before WITHERSPOON, J., Anderson, November, 1896. Affirmed.

Action by W. H. Pepper against Miss Sallie Shearer, styling herself Mrs. Sallie Pepper, to annul a marriage contract on ground of duress. Complaint dismissed. Plaintiff appeals.

*Messrs. Bonham & Watkins*, and *Quattlebaum & Cothran*, for appellant, cite: *Courts of this State may declare marriage contract void for want of consent:* Rev. Stat., 2159. *Court having jurisdiction of one party has jurisdiction of this contract:* 95 U. S., 714; 28 N. J. Eq., 581; 10 How., 82; 76 N. Y., 78.

*Messrs. Tribble & Prince*, contra, cite: *Court cannot acquire jurisdiction of non-resident by publication and service outside of State:* 39 S. C., 496; 41 S. C., 22; 40 S. C., 520; 44 S. C., 211. *Marriage is a civil contract:* Rich. Eq. Cases, 92; 10 Rich. Eq., 554; 44 S. C., 195. *And the Court will not examine into it at the instance of either party thereto:* 1 Strob. Eq., 387; 10 Rich. Eq., 554; Speer Eq., 569; 3 Rich. Eq., 93; sec. 2159 of Rev. Stat. repealed by Con. 1895, art. 17, secs. 10 and 11.

March 17, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was brought by W. H. Pepper, appellant, to have declared void a contract of marriage with the respondent, which, he alleges, was entered into, on his part, under duress. The appellant is a resident of this State, and the respondent resides at Sherman, in the State of Texas, to which place she removed shortly after the performance of the ceremony of marriage. The summons and complaint were duly filed in the office of the clerk of the court of common pleas for Anderson County, S. C., September 8th, 1896. An order of service by publication was obtained, and the summons and complaint were served personally on the respondent at her home in Sherman, Texas, on the 14th day of September, 1896. The defendant did not answer the complaint, and appeared by attorney merely for the purpose of interposing a demurrer to the jurisdiction of the Court, on the ground that the Court did not have jurisdiction of the person of defendant.· Hon. I. D. Witherspoon, presiding Judge, sustained the demurrer, in an order filed November 5th, 1896, from which we quote the following: "As marriage is held in this State to be a civil contract, the object of this action is to determine the personal rights and obligations of the plaintiff and the defendant under the alleged contract of marriage. The action is merely *in personam*, and, under our decisions, service by publication upon a non-resident is ineffectual in such case for any purpose. A non-resident, under such circumstances, can only be brought within the jurisdiction of this Court by service of the process within the State or by voluntary appearance. *Tillinghast* v. *Boston Co.*, 39 S. C., 496; *Gibson* v. *Everett*, 41 S. C., 22; *Toms* v. *R. & D. R. R.*, 40 S. C., 520; *McCreery* v. *Davis*, 44 S. C., 211. The defendant's appearance is not voluntary, and the defendant has not been served with process within the State, I conclude that the Court is without jurisdiction in the premises."

The grounds of appeal assail the correctness of the fore-going rulings and judgment of Judge Witherspoon.

We are quite satisfied with the judgment of the Circuit Court for the reasons and upon the authorities therein stated. The judgment of the Circuit Court is affirmed.