G. R. Bisby, Plaintiff, v. David Mould, Judge, etc., Defendant.

Service of notice by publication: ANNULMENT OF MARRIAGE.  Service of notice by publication is only permissible in cases expressly authorized by statute; so that while constructive service may be made upon a nonresident in an action for divorce, the statute authorizing the same does not extend to and include actions to annul a marriage.

Original proceeding in this court by *certiorari.*

THURSDAY, MARCH 19, 1908.

THE return makes it appear that in May, 1907, this plaintiff filed in the office of the clerk of the district court of Plymouth county a petition setting forth that theretofore he had been married to Etta Bisby, and that at the time of such marriage she, the said Etta, was insane, which fact was unknown to plaintiff.  The prayer was that the said marriage be annulled.  With said petition was filed an affidavit for service of notice by publication, setting forth the fact of the nonresidence of the said Etta.  An original notice was published in the form and for the time required by law, and proof thereof was filed with the clerk.  At the October term of court for said county the said action came on for hearing before the court; the defendant sitting as the presiding judge thereof.  The plaintiff appeared and requested the appointment of a guardian *ad litem,* whereupon the court ruled —

and it was so entered of record — that service by publication in such cases was not authorized by law, and accordingly that the court had no jurisdiction to appoint a guardian or proceed to hear and determine the action, and the petition of plaintiff was dismissed. This proceeding followed.— *Dismissed.*

*Zink & Roseberry,* for plaintiff.

No appearance for defendant.

BISHOP, J.— By Code, section 3182, being part of chapter 3, title 16, entitled " Of Divorce, Annulling Marriages and Alimony," it is provided that a marriage may be annulled where either party was insane or idiotic at the time of such marriage; and in the succeeding section it is provided that a petition shall be filed as in an action for divorce, and all the provisions of the chapter relating to actions for divorce shall apply to such action to annul. The initial section (3171) of the chapter provides that the district court of the county where either party resides shall have jurisdiction in all actions authorized thereby; but there is nothing in the chapter having reference to the subject of how jurisdiction of the person of the defendant shall be acquired. Going to the general chapter on the subject of the manner of commencing actions (chapter 6, title 18), it is provided in section 3514 that " an action shall be commenced by serving the defendant with notice "; that is, by notice personally served on the defendant. To this rule there are some exceptions. Among others, it is provided in section 3534 that: " Service may be made by publication when an affidavit is filed that personal service cannot be made on the defendant in this State, in either of the following cases: . . . (8) Where the action is for a divorce, if the defendant is a nonresident of the State, or his residence is unknown."

The argument of counsel for plaintiff is that section

3534, just quoted, should be construed to include an action to annul, as otherwise such an action, although authorized by statute, could not be maintained where the defendant does not reside within the State or the residence is unknown. That this may be the result in some instances we concede; but we are not disposed to think the argument meets the case. The rule is for personal service. Constructive service is allowable only where expressly authorized by statute. The statute authorizes constructive service only in actions for divorce, and, as the statute does not, so we are not authorized to extend the provisions of section 3534 to an action to annul.

From this comes the conclusion that the defendant did not exceed his jurisdiction, and the present proceeding must be, and it is, *dismissed.*