WILLIAM H. HESS, JR., by his next friend,

*v.*

MADALINE KIMBLE.

[Heard October 24th, 1911. Determined October 26th, 1911.]

1. The Divorce and Annulment act of 1907 (*P. L. 1907 p. 474*), provides that a decree of nullity may be rendered at the suit of the husband, when he was under eighteen at the time of the marriage, unless such marriage be confirmed by him after arriving at such age. The act further provides, "for purposes of annulment of marriage, jurisdiction may be acquired by personal service of process upon the defendant within the state when either party is a *bona fide* resident of the state, at the time of the commencement of the action." Petitioner and defendant resided with their respective parents, who were domiciled in Philadelphia, Pennsylvania, and came to New Jersey and were married, returning at once to the homes of their parents in Philadelphia. When the marriage was disclosed a week later, the petitioner's parents would not permit him to receive defendant as his wife, and on March 9th, 1910, sent him into this state to board with relatives; his earnings and some assistance from his father going to pay his board. His petition was filed March 26th, 1910.—*Held*, that the term "resident," as used in the act, included not only the *factum* of residence, but also the *animus manendi*, the residence required by the statute being equivalent to domicil; and that petitioner was not a "*bona fide* resident" of this state, and hence that the court had no jurisdiction.

2. The domicil of a legitimate unemancipated minor, whose will cannot concur with the fact of residence, is, if his father be alive, the domicil of the father.

3. A minor cannot change his domicil of his own will.

4. The burden of proof to establish a change of domicil on the part of a minor is on him.

5. Where petitioner in a suit for annulment of a marriage attempts to make himself a resident of the state, for the purpose only of procuring the benefit of the local statute, no relief can be granted.

---

Final hearing on petition, &c., to annul marriage.

The petition in this case is filed in behalf of William H. Hess, Jr., a minor, by his next friend, to annul his marriage to de-

fendant on the ground that he was under the age of eighteen at the time of said marriage, and that he has not, since arriving at that age, confirmed the marriage.

The petition is filed under the Divorce and Annulment act of 1907 (*P. L. 1907 p. 474*), which act provides that a decree of nullity of marriage may be rendered

"at the suit of the husband when he was under the age of eighteen at the time of the marriage, unless such marriage be confirmed by him after arriving at such age."

At the final hearing the evidence fully established the facts that petitioner and defendant were married February 19th, 1910, at Camden, New Jersey, at which time petitioner was between sixteen and seventeen years of age (the date of his birth being April 27th, 1893), and that the marriage has not been confirmed by petitioner since arriving at the age of eighteen years. The petitioner, therefore, is entitled to a decree of nullity, provided this court has jurisdiction.

The jurisdictional provisions of this statute are:

"For purposes of annulment of marriage jurisdiction may be acquired by personal service of process upon the defendant within this state when either party is a *bona fide* resident of this state at the time of the commencement of the action."

The evidence discloses that at the time of the marriage ceremony petitioner and defendant resided with their respective parents in the city of Philadelphia, Pennsylvania, in which city the respective parents were domiciled; that petitioner and defendant went to Camden, New Jersey, February 19th, 1910, and were there married on that day, and at once returned to the homes of their respective parents in Philadelphia; that they did not acquaint their parents with the fact of their marriage until about one week later, when they disclosed that they were married and that defendant was pregnant; that between the day of the marriage and the day their marriage was disclosed, petitioner called upon defendant in the evenings at the home of her parents and enjoyed matrimonial intercourse with her; that during the week following the disclosure of the mar-

riage great consternation existed in the respective families of petitioner and defendant touching the course to be pursued, the parents of petitioner refusing to permit petitioner to receive defendant as his wife, and the parents of defendant insisting that their daughter should be permitted to enjoy her matrimonial rights, and threatening litigation in her behalf; that under these conditions the father of petitioner sent him to Belmar, New Jersey, where he has since boarded with relatives. The date of petitioner's departure from Philadelphia, Pennsylvania, to Belmar, New Jersey, was March 9th, 1910. The date of the filing of the petition for annulment was March 26th, 1910. At the time petitioner went to Belmar he was less than seventeen years of age, and entirely without funds. He has remained there until this time, and has been employed a portion of the time, and has applied his earnings to the payment of his board; from time to time it has become necessary for his father to contribute money for the payment of petitioner's board.

It is claimed, in behalf of petitioner, that his primary reason for going to Belmar was his ill health.

*Mr. John H. Switzer,* for the petitioner.

*Mr. J. Fithian Tatem,* for the defendant.

LEAMING, V. C.

I am entirely satisfied that this court is without jurisdiction to entertain the petition filed in this suit for the reason that neither petitioner nor defendant was a *bona fide* resident of this state at the time the petition was filed.

The term "resident," used in the several successive legislative acts of this state which confer jurisdiction on this court in suits for divorce and annulment of marriage, has been uniformly recognized as including not only the *factum* of residence but also the *animus manendi;* the residence required by our statute is the equivalent of domicil. *Williams* v. *Williams, 78 N. J. Eq. (8 Buch.) 13; Coddington* v. *Coddington, 20 N. J. Eq. (5 C. E. Gr.) 263; Harral* v. *Harral, 39 N. J. Eq. (12 Stew.) 279; McShane* v. *McShane, 45 N. J. Eq. (18 Stew.) 341;*

*Firth* v. *Firth, 50 N. J. Eq. (5 Dick.) 137; Sweeney* v. *Sweeney, 62 N. J. Eq. (17 Dick.) 357; Tracy* v. *Tracy, 62 N. J. Eq. (17 Dick.) 807; Grover* v. *Grover, 63 N. J. Eq. (18 Dick.) 771; Hunter* v. *Hunter, 64 N. J. Eq. (19 Dick.) 277; Mason* v. *Mason, 69 N. J. Eq. (3 Robb.) 292; King* v. *King, 74 N. J. Eq. (4 Buch.) 824.*

It is apparent that petitioner cannot be regarded as having been a *bona fide* resident of this state, within the meaning of our statute, at the time of the commencement of this suit. As a minor the domicil of petitioner was presumptively that of his parents. The evidence discloses no emancipation upon the part of his parents. On the contrary petitioner has manifestly at all times been under the control and subject to the direction of his father; he has been and now is a member of his father's family in every essential aspect except that of physical presence; his home is his father's home; at the time the petition was filed petitioner was boarding with relatives in New Jersey at the expense of his father, and was not in this state as the result of any independent exercise of his own will; the father at his own instance procured a lawyer to institute this suit in petitioner's behalf and directed petitioner to go to the lawyer and sign the petition. Under such conditions it is impossible to regard petitioner as a *bona fide* resident of New Jersey within the meaning of our statute. Chancellor Runyon, in *Blumenthal* v. *Tenneholz, 31 N. J. Eq. (4 Stew.) 194,* adopting the view expressed in *Phillimore on Domicil,* states the law of domicil of a minor to be as follows: "The domicil of the legitimate unemancipated minor who is not *sui juris,* and whose will, therefore, cannot concur with the fact of residence, is, if his father be alive, the domicil of the latter. *Phillim. Dom. 37.* It is an undisputed position of all jurists, says that writer, that, of his own accord, *proprio marte,* the minor cannot change his domicil. *Ibid.* See, also, *Story Confl. L. § 46.* The burden of proof to establish the change of domicil on the part of the minor is on him. *Ibid. § 47."* See, also, *Dennysville* v. *Truscott, 30 Me. 470; Inhabitants of Charlestown* v. *Inhabitants of Boston, 13 Mass. 469; Overseer Washington* v. *Overseer Beaver, 3 Watts & S. (Pa.)*

*548; Taylor* v. *Jeter, 33 Ga. :195; Marks* v. *Marks, 75 Fed. Rep. 321.*

The evidence in this case also strongly indicates that neither petitioner nor petitioner's father entertained any thought or purpose of regarding this state as petitioner's permanent home until a day or two before the petition was filed, when petitioner's father ascertained from a lawyer of this state that if petitioner were a *bona fide* resident of this state relief could be procured from our courts which could not be procured from the courts of Pennsylvania with that state as petitioner's residence. It seems, indeed, more than probable that the determination of petitioner and his father to regard this state as the residence of petitioner was for the purpose of procuring the benefit of our statute. It seems needless to state that if petitioner's sudden determination to regard himself a resident of this state was only for the purpose of procuring the benefit of our statute, no relief can be granted.

I will advise a decree dismissing the petition.