## ANTOINE *v.* ANTOINE.

[96 South. 305.  No. 22904.]

1. MARRIAGE. *Divorce statutes as to residence inapplicable in annulment suits.*

   In a suit for annulment of marriage, the statutes with reference to the residence or domicile of parties relating to divorce suits do not apply.

2. MARRIAGE. *In annulment suit, court must have jurisdiction of person and also of marriage status, which is domicile of either one or both the parties.*

   In an annulment suit the court must not only have jurisdiction of the person of one or both of the parties, but must also have jurisdiction of the marriage *status.* The jurisdiction of the marriage *status* is the domicile of either one or both of the parties.

3. MARRIAGE. *Supreme court has no jurisdiction to annul marriage performed in state where both parties are nonresident.*

   This court has no jurisdiction to annul a marriage performed in this state, where both the complainant and the defendant are nonresidents.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by Mrs. Lillian Noel Antoine against Peter Antoine for annulment of marriage. Bill dismissed on demurrer, and complainant appeals. Affirmed.

*Mize & Mize,* for appellant.

This is not a bill for divorce, but is a bill to cancel the certificates certifying a marriage in Harrison county, Mississippi, between appellant and appellee, which is of record in Book 33, page 280, of the record of Marriages of Harrison county, Mississippi, and to declare null and void said pretended marriage because appellant was coerced into it through fear of death, and to mark same cancelled of record.

We are fully aware of the doctrine that, if this was a divorce case, of course this court would not have jurisdiction and that consent or entering of appearance by appellee could not confer jurisdiction; but jurisdiction is sought in this case on the ground that this marriage recorded in Harrison county, Mississippi, is false and a nullity and ought to be cancelled.

In other words, the *"res"* that the appellant is going after is located in Harrison county, Mississippi. This marriage ceremony, according to the bill of complaint was void and a nullity from the beginning because entered into under the greatest duress, to-wit: the fear of death; and, the marriage record over here in this state and county, the appellant is entitled to come into this court and have it cancelled as otherwise this record would always show a valid marriage, properly certified to, and recorded between appellant and appellee, and there would be no way for appellant to get said record cancelled.

Suppose that appellant filed her suit in the state of Alabama, where the parties reside, for the purpose of having this marriage annulled and judgment was rendered annulling the marriage; still, the record over here—the *res*—would show a valid marriage. Suppose, having obtained judgment in Alabama annulling the marriage, she would file suit over in this county and state seeking to establish the judgment she had recovered in Alabama; still, if the holding of the chancellor is to be sustained, she could not get jurisdiction of the appellee because he is a resident citizen of Alabama, and she would therefore be without any remedy, and such is not the law in a case of this kind.

In other words, the *"res"* of the transaction being located over here in this state, appellant is entitled to sue over here and appellee having demurred to it, has entered his appearance, and appellant is entitled to have her case tried and this license record over here cancelled; and the residence or citizenship of the parties in a suit of this character is not material, because it is absolutely separate and distinct from the divorce laws.

In the case of *Montague* v. *Montague,* 127 N. W. 639, 30 L. R. A. (N. S.) 745. The South Dakota court holds that the statutes relative to residence required in actions for divorce do not apply to actions of the character of the instant case, with annotations of a number of cases to the same effect, which note also refers to cases where neither party was a resident of the state where the action was brought. In a New Jersey case cited in the note, *Blumenthal* v. *Tannenholz,* the court held that where neither party resided in the state, constructive service by publication was not sufficient, but in the case at bar the defendant has appeared, and, when he appeared, he entered his appearance for all purposes, under the Mississippi statute. Also, see 26 Cyc., Law & Proc., p. 908, where it is said: "A court of chancery in the exercise of its ordinary powers and jurisdiction, and without the authority of a statute, may take jurisdiction of a suit to annul a marriage where the cause alleged is one of the well-known grounds on which equity gives relief in cases of contract, such as fraud, error, duress, or mental incapacity."

So we submit that the bill states a cause of action entitling the complainant to some relief, and, the *res* being situated over here and she being entitled to have the record here marked canceled, when she filed her bill of complaint and the defendant appeared and demurred, this court has jurisdiction and the complainant is entitled to have her case heard and if she proves the facts alleged, she is entitled to have this marriage recorded over here cancelled and the certificates showing a marriage declared to be null and void.

We therefore submit that the case should be reversed and remanded for a new trial.

No brief found in record for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellant, Mrs. Antoine, seeks in her bill to have her marriage with the appellee (defendant) annulled, because she was under duress when the marriage ceremony was performed. Both complainant and defendant are resident citizens of Mobile, Ala., and their domicile is there. The ceremony was performed in Harrison county, Miss. The prayer of the bill is that the marriage be declared null and void and that the marriage record of Harrison county be so marked. The defendant, Peter Antoine, appeared and demurred to the bill, alleging therein that the chancery court of Harrison county had no jurisdiction of the cause. This demurrer was sustained, the bill dismissed, and appellant (complainant) prosecutes this appeal.

Assuming that by his demurrer to the bill the defendant subjected himself to the jurisdiction of the court, the narrow question presented is whether or not the chancery court of Mississippi, which has acquired jurisdiction of the complainant and defendant, who are both nonresidents of the state, has jurisdiction to annul a marriage; the ceremony having been performed in this state. There are some authorities which apparently sustain this contention, namely, *Montague* v. *Montague,* 25 S. D. 471, 127 N. W. 639, 30 L. R. A. (N. S.) 745, Ann. Cas. 1912C, 591.

We have no statute in this state relating to the residence or domicile of the parties with reference to annulment suits. Our statutes upon divorce do not govern.

In suits of this character under the common law, the court must not only have jurisdiction of the person or persons, but must also have jurisdiction of the marriage *status,* and the jurisdiction of this *status* is the domicile of either one or both of the parties. The reason for this rule is that every government or state is entitled to establish, and change from time to time, the *status* of its domiciled subjects, but not that of the subjects of any other government or state. The courts of the domicile of married parties have the jurisdiction to determine, reverse, or modify the *status.* if married or single, of all

persons domiciled therein, but not that of others. Bishop on Marriage, Divorce and Separation, vol. 2, section 32. This rule not only applies to divorce, but also to annulment suits. Id. section 39. See also, Id. sections 67 and 73.

Both of these parties being domiciled in Alabama, that court, and not this one, has jurisdiction in this cause.

*Affirmed.*