## SHAFE *v.* SHAFE.

[No. 15,026.   Filed December 20, 1935.]

*B. Howard Caughran* and *A. J. Rucker*, for appellant.
*James C. Mathews* and *Robert R. Dalton*, for appellee.

BRIDWELL, J.—Appellee brought this action against appellant to annul and have declared void a marriage contract entered into between the parties on the 26th day of May, 1930, in the State of Alabama, the reason alleged in the complaint for the relief sought being that appellant, at the time of said purported marriage, was of unsound mind and incapable of entering into a valid marriage contract with appellee.

With his complaint appellee filed three affidavits, as follows: (1) His affidavit as to his residence and occupation, and that his cause of action was for annulment of marriage; (2) his affidavit for publication of notice to appellee of the filing and pendency of the action, stating therein that he was the plaintiff in the action; that it was for the annulment of a purported marriage between the plaintiff and defendant; that defendant is not a resident of the State of Indiana, but is a resident of the city of Mobile in the State of Alabama, residing at 209 Lexington Avenue in the said city of Mobile; (3) the affidavit of a disinterested person averring that he was such a person; that he knew both plaintiff and defendant and that defendant is not a resident of the State of Indiana.

Appellee's complaint, among other things, alleged the

date and place of the marriage; that the parties thereto had known each other for about one year prior to the purported marriage; that appellee, at the time of the marriage, believed appellant was capable of executing a valid marriage and was of sound mind, and that he entered into said marriage contract in good faith; that immediately after said marriage, which was solemnized at appellant's home in Alabama, they left there and came to Indiana; that appellee was a traveling salesman and his business compelled him to travel, and that he took appellant with him during the first six weeks after the marriage, and then returned her to his home in Indianapolis; that during said six weeks interval appellant exhibited moods of taciturnity and childishness, and an inability, at times, to talk or write coherently; that her condition grew worse and on the 27th day of September, 1930, appellee and "members of defendant's family" determined that she be returned to her former home in Alabama, which was done and since said date appellant and appellee have not lived or cohabited together; that appellant was of unsound mind on the 26th day of May, 1930, and therefore incapable of entering into a valid marriage contract with appellee.

The complaint was filed on June 1, 1931, and notice of the filing and pendency of this action was given by publication, the return day fixed being September 8, 1931. Appellant entered special appearance and filed motion "to set aside the notice, quash the publication and revoke the order to publish" for the following reasons: "(1) This is not a case in which notice to a non-resident defendant by publication is authorized by law. (2) The affidavit of the plaintiff herein for publication is insufficient for the reson that it appears thereby that this is an action for annulment and that the defendant is a resident of the State of Alabama." This motion was overruled and appellant excepted. Thereafter, on

motion of appellee, an alias summons was issued for appellant as defendant in this action, directed to the sheriff of Mobile county, Alabama, returnable February 6, 1932, and this summons was served on appellant personally at her place of residence in the city of Mobile, State of Alabama, on January 19, 1932. Appellant, still appearing specially, filed her motion to quash this summons and to vacate and set aside the service thereof on the ground, among others, that the issuance and service of said summons was without any authority of law. This motion was overruled and appellant excepted. Appellant, under special appearance, also filed a plea in abatement challenging the jurisdiction of the court over her person, to which plea appellee filed an answer. This issue was submitted to the court for decision on agreed facts reduced to writing, and the finding was against appellant on her plea in abatement, and she excepted to the "ruling" of the court in this respect. Appellant thereafter filed a demurrer to the complaint, alleging as a cause therefor "that the court has no jurisdiction of the person of this defendant in the above entitled cause." This demurrer was overruled and appellant excepted. Issues were closed by an answer of general denial and the cause was submitted to the court for trial. The decision was in favor of appellee, the court, in a general finding as to the facts, finding that "at the time of said purported marriage contract the defendant was of unsound mind, and that said marriage contract should be annulled, set aside and declared for naught." Judgment was in accordance with the finding. Appellant filed motion for a new trial which was overruled, and she excepted. This appeal was perfected with an assignment of errors alleging, among other claimed errors, error in the ruling made by the court on each of the motions heretofore mentioned.

Appellant contends that the court below had no juris-

diction over her person; that in an action against a non-resident of this state for the annulment of a marriage contract, on the ground that the party against whom the action was brought was insane or of unsound mind at the time of the purported marriage, jurisdiction over the person of the defendant to the action cannot be obtained as in divorce actions, and that the publication of notice or service of summons outside the state is not legal service, and is without authority of law.

Appellee contends that our statutory law provides for notice such as is here given in actions for divorce, and that under the provision of section 25, chapter 43, of the Acts of 1873 (Acts 1873, page 107), notice by publication is authorized in this case. Our attention is called to the title of said act, which is as follows: "An Act regulating the granting of divorces, nullification of marriages and decrees and orders of court incident thereto, and repealing all laws conflicting with this Act and declaring an emergency." The section of this act relied upon by appellee as authorizing service on non-resident defendants in actions for annulment of marriage contracts in the same manner as in actions for divorces, is as follows:

"When either of the parties to a marriage shall be incapable from want of age or understanding, of contracting such marriage, the same may be declared void, on application of the incapable party, by any court having jurisdiction to decree divorces; but the children of such marriage begotten before the same is annulled, shall be legitimate; and, in such cases, the same proceedings shall be had as provided in applications for divorces." (Burns' 1933, sec. 44-106.)

We are of the opinion that the section of our statutory law above quoted does not authorize service of process as in divorce cases, in actions for the annulment of marriage contracts on account of insanity or unsoundness of mind of one of the parties to said purported contract.

It is held that the legislature in using the words "incapable from want of age or understanding" in such statute had reference to something other than insanity. *Wiley* v. *Wiley* (1921), 75 Ind. App. 456, 123 N. E. 252. Therefore, that part of said section which provides that "in such cases, the same proceedings shall be had as provided in applications for divorces" is not applicable to the instant case.

Service of process by publication is unknown at common law, and is of strictly statutory origin. 50 C. J., sec. 114, p. 502. We find no statute of this state ██ authorizing such service in an action like the one at bar. While the appellee has proceeded in accordance with the method provided by our statutes for obtaining jurisdiction of the person of a non-resident in an application for divorce, this is not a divorce action but is an action to have a purported marriage declared void because of insanity of one of the parties thereto at the time of marriage. An action for divorce is brought for the purpose of dissolving a valid marriage and must be based on some statutory reason, and our law, at the time of the filing of this action, did not recognize insanity as a cause for divorce. On the other hand, an action to annul a marriage is brought for the purpose of having a marriage contract which is void by reason of the law of the commonwealth where it is solemnized, declared void, or to have a voidable marriage judicially made void. See *Henneger* v. *Lomas* (1896), 145 Ind. 287, 298, 44 N. E. 462; *Huffman* v. *Huffman* (1912), 51 Ind. App. 330, 99 N. E. 769; *Wiley* v. *Wiley, supra.*

Appellee, in addition to procuring a notice by publication for appellant to appear and answer his complaint, caused a summons to be issued for appellant, directed to the sheriff of Mobile county, Alabama, which summons, the record discloses, was served

on appellant by reading the same to her at her residence in Mobile county, Alabama, and by leaving with her a true copy thereof. This method of service, however, was not sufficient to give the court below jurisdiction over the person of appellant. A court cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction except by actual service of notice within the jurisdiction, either upon him or someone authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service. *Conley* v. *Mathieson Alkali Works* (1903), 190 U. S. 406, 23 S. Ct. Rep. 728, 47 L. Ed. 1113. It is provided by our statutory law (Burns' 1933, sec. 2-808, §89, Baldwin's 1934) that "when the defendant is a non-resident, personal service of the summons out of the state is equivalent to publication; . . ." This section, however, cannot be construed as if standing alone, but must be considered in connection with all other statutory provisions relative to the service of process on non-residents, and it cannot be held to authorize personal service outside the state except in that class of cases where publication of notice to non-resident defendants is authorized. Burns' 1933, sec. 2-707, §81, Baldwin's 1934, provides that "in cases of non-residents or persons having no permanent residence in the state, action may be commenced and process served in any county where they may be found," but service had in accordance with the provisions of this statute does not, under some conditions, give jurisdiction over the person of a non-resident defendant. See *Wilson* v. *Donaldson* (1889), 117 Ind. 356, 20 N. E. 250; *Minnich* v. *Packard* (1908), 42 Ind. App. 371, 85 N. E. 787.

Appellee also asserts that appellant entered a general appearance in this cause and thereby "waived her right to object to jurisdiction of the court over her person." It is true that appellant eventually filed her answer in general denial to the complaint

and participated in the trial of this cause on its merits, but before this action on her part was taken, she, by appropriate motions, under a special appearance, challenged the jurisdiction of the court over her person and reserved an exception to each of the adverse rulings made against her. Having done so she has the right on appeal to present for review the rulings of the court so made against her, and to secure a reversal if the court's action was erroneous. *Whitesides et al.* v. *Drage* (1914), 56 Ind. App. 679, 106 N. E. 382; *Board* v. *Mowbray* (1903), 160 Ind. 10, 66 N. E. 46.

The court erred in overruling appellant's motion "to set aside the notice, quash the publication and revoke the order to publish," and erred in overruling the motion to quash the alias summons and set aside and vacate the service thereof. In view of this conclusion, other questions discussed in the briefs of counsel need not be considered and determined.

Judgment reversed with instructions that the same be vacated and set aside; to sustain the motion to quash the publication and revoke the order to publish; to sustain the motion to quash the alias summons and set aside the service thereof, and that any further proceedings in this cause be consistent with this opinion.