Merrimack,
No. 4334.

LESTER A. ROSENBLUM *v.* JUDSON ENGINEERING CORP. *& a.*

Argued October 6, 1954.

Decided November 30, 1954.

*Upton, Sanders & Upton (Mr. Sanders* orally), for the plaintiff.

*Sullivan & Gregg* and *S. Robert Winer (Mr. Winer* orally), for the defendants.

GOODNOW, J. The motion of the defendant Glenn for dismissal of the action as to him should have been granted. The claim against him is that as one of the four partners in Rockmill Manufacturing Company he participated with the other three defendants in certain activities of the partnership which he knew were in violation of the duties owed to Judson Engineering Corporation by those three as officers and directors of that corporation. None of the defendants are residents of this state but the partnership has systematically and continuously engaged in business here. The other three defendants were personally served with process in this state but personal service was made upon Glenn in the commonwealth of Pennsylvania. No property of Glenn or of the partnership is under attachment.

In this state, a partnership is "a relation or status between individuals." *Sulloway* v. *Rolfe,* 94 N. H. 85, 87. Where it has not more than four members, it is not itself subject to suit in the firm name (R. L., c. 387, s. 14) but the action must be brought against the partners individually (Restatement, Conflict of Laws, s. 86, *comment* a; see *Kaffenberger* v. *Kremer,* 63 F. Supp. 924) and they must be served individually (*Matson* v. *Mackubin,* 57 F. (2d) 941) except when otherwise specifically authorized (*supra,* s. 14). Service upon a nonresident individual must be made in hand within this state in order to subject him to jurisdiction here, except in certain situations not applicable in this case. R. L., c. 387, ss. 4-6.

A state may by appropriate legislation constitutionally require that a nonresident individual doing business in the state be subjected to its jurisdiction by some method of service other than by service in hand within the state, as to causes of action arising out of the business done there. Restatement, Judgments, s. 22; *Doherty & Co.* v. *Goodman,* 294 U. S. 623; *Interchemical Corp.* v. *Mirabelli,* 269 A. D. 224 (N. Y.). This power has not been exercised by our Legislature. Section 8 of R. L., c. 387, relied

on by the plaintiff, provides that the court may order "such notice . . . as the case requires" when the defendant is a nonresident "and no mode of serving the writ is prescribed, or service thereof cannot be made in the mode prescribed." This statute was adopted in 1852 and contains no reference to jurisdictional matters such as acts or contacts of the defendant in this state. See R. L., c. 116, ss. 42-45; *Poti* v. *Company*, 83 N. H. 232. *Cf. Martin* v. *Bryant*, 108 Me. 253. It was not intended to express a legislative policy that nonresidents electing to engage in business in this state must be prepared to be subjected to substituted service in any action brought here to which the business in this state gives rise.

Decisions concerning substituted service on nonresident or foreign corporations doing business in a state (*LaBonte* v. *Company*, 98 N. H. 163, 166; *Taylor* v. *Company*, 97 N. H. 517; *Morris & Co.* v. *Skandinavia Insurance Co.*, 81 F. (2d) 346) as to which the state has enacted legislation designed to subject them to its jurisdiction are not applicable here. Decisions from other jurisdictions in which the doing of business within the state by a partnership has been deemed sufficient to confer jurisdiction upon the courts of that state turn upon local statutes which differ from those of this state. See *Pine & Co.* v. *McConnell*, 273 A. D. 218 (N. Y.); *Kaffenberger* v. *Kremer, supra*; Anno. 10 A. L. R. (2d) 200.

In the Superior Court, the defendant Glenn reserved his rights under his special appearance and did not participate in the hearings on the motion for discovery. Without objection on the part of the plaintiff, his exception to the denial of his motion for dismissal was transferred to this court together with the exception of the other three defendants to the granting of the plaintiff's motion for discovery. The four defendants are each represented by the same counsel. One brief was filed in this court for the defendants in which the two exceptions were separately argued. This method of procedure did not result in Glenn "arguing the exception to the order requiring the production of certain documents" as claimed by the plaintiff. By his conduct in this court, Glenn has submitted no other question than the sufficiency of the service upon him and has not thereby yielded to the general jurisdiction of our courts. *Lyford* v. *Academy*, 97 N. H. 167, 168.

So far as the defendants LaPenta, Dennison and Miller are concerned, the plaintiff's motion for discovery was submitted to the Trial Court for determination "on the pleadings," a procedure which was agreed to by the parties and as to which they cannot

now object. *Kusky* v. *Laderbush*, 96 N. H. 286. No findings were made but it is presumed that in ordering the production of the documents and records sought by the motion all special findings necessary to justify it were made by the Court. *LaMarre* v. *LaMarre*, 84 N. H. 553.

The defendants' contention that the order can be justified only if the Court found as a preliminary matter that the defendants violated their duties as officers and directors of Judson by participating in the partnership known as Rockmill Manufacturing Company and that Rockmill was impressed with a trust in favor of Judson cannot be supported. Whether Rockmill is or is not a "private person to whom [the plaintiff] bore no relationship" is not a material question in the determination of the plaintiff's right to examine the documents and records of the partnership. *Therrien* v. *Company*, 99 N. H. 197. That right depends upon whether such an examination is material to the proper preparation of the plaintiff's case and whether justice requires it. *Lincoln* v. *Langley*, 99 N. H. 158; *Lefebvre* v. *Somersworth Co.*, 93 N. H. 354, 356.

So far as we are concerned here, the plaintiff's case revolves principally around his claim that the defendants as officers and directors of Judson violated the duty owed by them to Judson in that as partners in Rockmill they "took for themselves . . . a business opportunity or opportunities which ought to have been made available to Judson." The defendants contend that the order of discovery was improperly made because the plaintiff's pleadings do not contain any allegations upon which the defendants could be so charged. We are of the opinion that they do.

The officers and directors of a corporation "act in a trust capacity in so far as shareholders . . . are concerned" (*Mica Products Co.* v. *Heath*, 81 N. H. 470, 471) and have the duty of "reasonably protecting and conserving the interests of the corporation." *Beaudette* v. *Graham*, 267 Mass. 7, 12. They are not precluded from entering into and engaging in other business enterprises but when they do so, they are subject so far as the corporate interest is concerned to the rules which apply generally to persons standing in a fiduciary relation. Whether a business opportunity is one which corporate officers or directors are entitled to treat as their own or one which they are obligated to acquire for or make available to the corporation depends upon the standard of loyalty or duty imposed by these rules, a standard which "is measured by no fixed scale."

*Guth* v. *Loft*, 23 Del. Ch. 255, 270. The basis upon which the duty is founded lies in "the unfairness on the particular facts of a fiduciary taking advantage of an opportunity when the interests of the corporation justly call for protection." Ballantine, Corporations (1946) *s.* 79; 31 Cal. L. Rev. 188; Note, 54 Harv. L. Rev. 1191.

In his bill in equity, the plaintiff alleges that Judson was organized in 1950 for the purpose of manufacturing and selling "mechanical devices, appliances and tools suitable for the automotive trade" and that since that year it has been engaged in the manufacture and sale of a camber-and-caster gauge and a turntable developed by the plaintiff, both of which are designed for use by the automotive trade in the alignment of wheels on motor vehicles. In July, 1952, the plaintiff who was then president and a director of Judson invited consideration by the board of directors of a new gauge which he had developed and would sell to the corporation. The other three directors who are the defendants here "refused to discuss terms" and "undertook to remove [the plaintiff] from the offices of president and director." "Contemporaneously with" this action the defendant LaPenta, with the consent of the other two defendants, acquired a license to manufacture and sell a certain device for balancing the wheels of automobiles. "At about the same time," the three defendants together with Glenn "in anticipation of the acquisition" of this license formed the partnership known as Rockmill which in fact did acquire the license and has been engaged since October, 1952, in the manufacture and sale of the wheel balancing device. Rockmill is also manufacturing and selling "other devices or equipment for wheel alignment or for use in connection therewith." It has acquired rights to manufacture other items and intends "further to expand the manufacture and sale of appliances and equipment suitable for the automotive trade." On the basis of these allegations, the plaintiff's claim that the business opportunities taken by the defendants through the Rockmill partnership were so closely connected with the corporation business and prospects that they should fairly be deemed to belong to the enterprise carried on by the corporation, states a cause of action. The opinions in *Lagarde* v. *Anniston Lime & Stone Co.*, 126 Ala. 496, and *Pioneer Oil & Gas Co.* v. *Anderson*, 168 Miss. 334, relied on by the defendants, appear to us to adopt too lax a conception of the requirements of fiduciary loyalty. Ballantine, Corporations (1946) *s.* 79.

The fact that the wheel balancers and other devices manu-

factured and sold by Rockmill may not be directly competitive with the wheel aligner devices manufactured and sold by Judson is not determinative of the defendants' duties. According to the plaintiff's allegations Judson was not organized merely to manufacture and sell the wheel aligner devices but had as its business purpose the manufacture and sale of "mechanical devices, appliances and tools suitable for the automotive trade." Those decisions cited by the defendants (*Guth* v. *Loft, Inc., supra*; *New York Auto Co.* v. *Franklin*, 49 Misc. (N. Y.) 8; *Lancaster Loose Leaf Tobacco Co.* v. *Robinson*, 199 Ky. 313) which emphasize the question of whether the officers and directors placed themselves in a position antagonistic to or in competition with the corporation do not exclude the consideration of other circumstances as the basis for the imposition of a duty upon them. The issue to be determined when this matter is heard on its merits is whether under the particular circumstances of the case the manufacture and sale of wheel balancers and other devices as undertaken by Rockmill was so closely associated with the existing and prospective activities of the corporation that the defendants should fairly have acquired that business for or made it available to the corporation.

When officers or directors act in bad faith in acquiring or developing business opportunities for themselves, as in those cases in which funds or resources of the corporation or confidential knowledge or information gained by them in their official capacities have been utilized (*Gamlen Chemical Co.* v. *Gamlen*, 79 F. Supp. 622; *Lutherland, Inc.* v. *Dahlen*, 357 Pa. 143), fair play clearly calls for the imposition of a trust in favor of the corporation. It does not follow, however, that bad faith is essential to the establishment of a duty on the officers and directors of a corporation in connection with business opportunities which they have acquired for themselves. 3 Fletcher, Corporations, s. 856. The fact that a business opportunity is itself of such a nature that under the particular circumstances of the case it should fairly belong to the corporation is sufficient to establish a duty upon the officers and directors to acquire it for the corporation.

If the defendants were under a duty to acquire the business opportunities in question for Judson, they were not relieved of that duty by the injunction issued September 24, 1952, at the plaintiff's request under which the corporation and the defendants were enjoined from transferring the assets of the corporation. The use of corporate assets in the ordinary and usual course of

business was specifically permitted by the injunction. Furthermore the issue as to the defendants' duties as officers and directors could have been readily resolved had they sought the permission of the Court for the corporation to acquire the licenses in question.

The exception of the defendants LaPenta, Dennison and Miller to the order of discovery is overruled.

*Exception of defendant Glenn sustained;*

*Exception of the other defendants overruled.*

All concurred.