287 P.2d 998

The STATE of New Mexico, upon the rela-
tion of Marylyn Ellicott Berssenbrugge
PAVLO, Relator,

v.

W. T. SCOGGIN, District Judge of the Third
Judicial District, State of New Mexico,
Respondent.

No. 5979.

Supreme Court of New Mexico.

Sept. 14, 1955.

J. D. Weir, L. J. Maveety, Las Cruces,
for relator.

E. E. Chavez, Edward E. Triviz, Las
Cruces, for respondent.

McGHEE, Justice.

Relator seeks a writ of prohibition to
prevent the respondent in his official ca-

pacity from trying a suit filed by E. Lionel Pavlo against relator in the District Court of Dona Ana County, in which it is sought to annul a marriage contracted by the parties in such county.

The parties to the marriage were at the time it was contracted, and now are, non-residents of New Mexico and have never resided in this state. It is claimed in the annulment suit that the relator was incapable of contracting marriage at the time the ceremony was performed in Dona Ana County because she was legally the wife of another, and that a pretended divorce decree she had procured from her husband in Juarez, Mexico, the day before the New Mexico marriage, was utterly void.

Service of process on relator in the annulment suit was by personal service in the State of New York, which, under § 21-1-1(4) (k), 1953 Comp., is equivalent to service by publication.

There are two main questions for decision:

1. Does the District Court of Dona Ana County have jurisdiction of such an action where neither party has ever lived in New Mexico, although the marriage license was issued and the ceremony performed in this state?

2. If such court does have jurisdiction of the subject matter, did it acquire jurisdiction of the person of the defendant therein, or of the "res," if there be such in an annulment suit, by substituted service of process in New York?

It may be well to state here that the case was submitted to this Court on the theory the allegations in the annulment complaint are sufficient to bring it within our holding in Golden v. Golden, 1937, 41 N.M. 356, 68 P.2d 928, that the Juarez divorce was void.

There is a sharp conflict in the decisions of a number of states which have passed upon the jurisdiction of their courts to annul a marriage performed there where neither party is a resident of the state. Jurisdiction to entertain such a suit has been upheld in the following cases in this country: Jordan v. Courtney, 1946, 248 Ala. 390, 27 So.2d 783; Feigenbaum v. Feigenbaum, 1946, 210 Ark. 186, 194 S.W.2d 1012; Sawyer v. Slack, 1929, 196 N.C. 697, 146 S.E. 864; McDade v. McDade, Tex.Civ.App., 1929, 16 S.W.2d 304; and Titus v. Titus, 1934, 115 W.Va. 229, 174 S.E. 874 (under statute). It has been denied in Antoine v. Antoine, 1923, 132 Miss. 442, 96 So. 305; Turner v. Turner, 1931, 85 N.H. 249, 157 A. 532; Hess v. Kimble, 1911, 79 N.J.Eq. 454, 81 A. 363; and Blumenthal v. Tannenholz, 1879, 31 N.J.Eq. 194. See also, Annotation in 128 A.L.R. 61, at p. 77, and 16 Calif.L.Rev. 38.

■ While we recognize the question is a debatable one, we believe the incidents of the procuring of a license and the per-

formance of the marriage ceremony in this state are sufficient to give the District Court jurisdiction of the subject matter, but there remains the second question, the matter of acquiring jurisdiction of the person—that is, is substituted service of process sufficient in the absence of an entry of appearance by the defendant?

 We do not have a statute providing for substituted service of process in annulment cases, and it is well established in this state that our statute authorizing substituted, as distinguished from personal, service is to be strictly construed. Murray Hotel Co. v. Golding, 1950, 54 N.M. 149, 216 P.2d 364. In fact, our statutes allowing substituted service of process do not enumerate or specify the actions or classes of actions in which constructive service of process may be made, so such service must be restricted to actions in rem or quasi in rem. State ex rel. Truitt v. District Court of Ninth Judicial Dist., Curry County, 1939, 44 N.M. 16, 96 P.2d 710, 126 A.L.R. 651; Pennoyer v. Neff, 1878, 95 U.S. 714, 24 L. Ed. 565. The Truitt case arose out of the effort of a lessee of real estate in New Mexico to reform a written lease on substituted service on the lessor in Oklahoma, and in prohibition proceedings we held the action was in personam and the court was without jurisdiction to hear and determine the case on such service. See also Rosser v. Rosser, 1938, 42 N.M. 360, 78 P.2d 1110.

It is stated by the annotator in 128 A.L.R. 61, at p. 73:

"Although the jurisdiction of the courts of the domicil of one of the parties to render a decree of annulment of a marriage celebrated elsewhere is generally recognized * * * the courts are practically unanimous in holding that such jurisdiction may not be exercised under a constructive service of process upon the nonresident defendant by publication or personally without the state. Shafe v. Shafe, 1935, 101 Ind.App. 200, 198 N.E. 826; Bisby v. Mould, 1908, 138 Iowa 15, 115 N.W. 489; Cummington v. Belchertown, 1899, 149 Mass. 223, 21 N.E. 435, 4 L.R.A. 131; Berlinsky v. Berlinsky, 1923, 204 App.Div. 480, 198 N.Y.S. 402; Dixon v. Dixon, 1919, 107 Misc. 666, 177 N. Y.S. 63; Pepper v. Shearer, 1897, 48 S.C. 492, 26 S.E. 797; Hutchings v. Hutchings (1930) 39 Manitoba L.R. 66, (1930) 4 D.L.R. 673."

To the foregoing authorities may be added Owen v. Owen, 1953, 127 Colo. 359, 257 P.2d 581, and Gayle v. Gayle, 1946, 301 Ky. 613, 192 S.W.2d 821. In the latter case there will be found an excellent discussion of the difference between divorce and annulment.

The contrary is held in Piper v. Piper, 1907, 46 Wash. 671, 91 P. 189, and in the late case of Bing Gee v. Chan Lai Yung Gee, 1949, 89 Cal.App.2d 877, 202 P.2d 360.

114

We hold an action for annulment is in personam and because of lack of personal service on the defendant in the Dona Ana County case or an entry of appearance on her part the District Court of Dona Ana County does not have jurisdiction to hear the case. The alternative writ of prohibition will be made absolute. It Is So Ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.