Elva M. Sunday, Appellant, v. Edward J. Donovan, Appellee.

Gen. No. 47,181.

First District, Third Division.

January 15, 1958.

Released for publication February 10, 1958.

Lowell B. Komie, of Chicago, for appellant.

Edward J. Paluch, of Chicago, for appellee.

JUSTICE FRIEND delivered the opinion of the court.

Defendant, who formerly maintained a cigar jobbing business in Chicago, employed plaintiff as a part-time saleswoman and bookkeeper through the years 1952 and 1953. In her suit brought in the Superior Court of Cook county, she seeks to recover her unpaid wages, and also certain monies which she allegedly loaned defendant during the course of his business activities in Illinois and which he refused to pay. Summons was served on defendant in California, whereupon his counsel filed his special appearance in the Superior Court of Cook county, supported by affidavit, stating that no summons had been served upon defendant while he was present in the State of Illinois, and urging that the Illinois court did not have jurisdiction of his person while he was a resident of California. Pursuant to hearing by the motion judge,

an order was entered dismissing plaintiff's complaint on the ground that the court lacked jurisdiction over the person of defendant. Thereupon plaintiff filed a petition for rehearing of her motion to quash the special appearance, alleging that section 17 of the Civil Practice Act was procedural in its nature and should be applied retroactively to causes of action asserted under this section, regardless of when they accrued. The court denied plaintiff a hearing on her petition, and this appeal followed.

Section 17 of the Civil Practice Act (which became effective January 1, 1956) reads as follows:

"Act submitting to jurisdiction—Process

"(1)  Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a)  The transaction of any business within this State;

"(b)  The commission of a tortious act within this State;

"(c)  The ownership, use, or possession of any real estate situated in this State;

"(d)  Contracting to insure any person, property or risk located within this State at the time of contracting.

"(2)  Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

118

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

"(4) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law."

■ Defendant in his brief urges the single point "that process from tribunal of one State cannot run into another State," citing Pennoyer v. Neff (1877), 95 U. S. 714. Thus, in effect, he seeks to raise a constitutional question, contending that the amended section 17 denies him due process of law and violates the fourteenth amendment to the constitution of the United States and section 2 of article II of the constitution of Illinois. We have no jurisdiction to pass upon constitutional questions; but it should be noted that in the recent case of Nelson v. Miller (1957), 11 Ill.2d 378, the Supreme Court of Illinois held this enactment constitutional. "The foundations of jurisdiction," the court said, "include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or otherwise incur obligations to, those within the ambit of the State's legitimate protective policy. The limits on the exercise of jurisdiction are not 'mechanical or quantitative' (International Shoe Co. v. Washington, 326 U. S. 310, 319 (1945),) but are to be found only in the requirement that the provisions made for this purpose must be fair and reasonable in the circumstances, and must give to the defendant adequate notice of the claim against him, and an adequate and realistic opportunity to appear and be heard in his defense." Again referring to the International Shoe Co. case, the court stated: "While the precise question [there] related to the jurisdiction of the courts of the State over a foreign corporation, it is clear that the general

principle underlying the decision applies equally to jurisdiction over nonresident individuals." The issues in the Nelson case concerned the constitutionality of the 1955 amendments to sections 16 and 17 of the Civil Practice Act and their applicability to an individual resident of Wisconsin engaged in the business of selling appliances. Those sections, as amended, authorize the entry of judgments in personam on personal service of summons outside the State in enumerated classes of cases; they reflect, the court said, "a conscious purpose to assert jurisdiction over non-resident defendants to the extent permitted by the due-process clause." As the court pointed out, similar statutes in other jurisdictions have been upheld by the courts; see Smyth v. Twin State Improvement Corp. (1951), 116 Vt. 569, 80 A.2d 664, and Johns v. Bay State Abrasive Products Co. (D. Md. 1950), 89 F. Supp. 654. The Nelson case cited with approval the recent decision of Ogdon v. Gianakos (1953), 415 Ill. 591, involving a similar amendment to the Motor Vehicle Act which had been upheld. As in the Ogdon case, the statute here involved contains no saving clause. See also comments of the joint committee with reference to this amendment in the Civil Practice Act and Supreme Court Rules (effective January 1, 1956), Smith-Hurd Illinois Annotated Statutes, p. 21.

Section 17 specifically enumerates one of the acts for which extraterritorial service may be had as "the transaction of any business within this State." The complaint in the instant proceeding was for breach of contract, and recovery is predicated upon business transactions had in Illinois prior to defendant's departure for California. It follows that section 17 was intended to cover the breach of contract for which this suit is brought.

▪ · The paramount question is whether section 17 is procedural in its nature and should be applied retro-

actively to all actions arising thereunder regardless of when they accrued. This section indicates a procedure by which legal rights may be enforced, and should be distinguished from an amendment which creates a new right. It is, in effect, simply an addition to the legal machinery used to acquire jurisdiction over a defendant and does not add new legal rights to the body of substantive law. The several causes of action enumerated under this amendment exist independently of the new modes of obtaining jurisdiction, and the amendment merely provides for means of obtaining personal jurisdiction and enforcing the rules that constitute the substantive law.

We hold that the trial court erred in dismissing plaintiff's complaint for want of jurisdiction over the person of defendant. The judgment is reversed, and the cause remanded with directions to overrule the motion to dismiss, to require defendant to answer, and to proceed further in conformity with this opinion.

Judgment reversed and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.