368 P.2d 582

**James J. MELFI, Plaintiff-Appellant,**

v.

**I. Reuben GOODMAN, Defendant-Appellee.**

No. 6990.

Supreme Court of New Mexico.

Feb. 1, 1962.

Schall & Fowler, Albuquerque, for appellant.

John W. Thompson, Ruidoso, E. Forrest Sanders, William W. Bivins, Las Cruces, for appellee.

COMPTON, Chief Justice.

This is an action for breach of contract and for equitable relief. The questions presented on appeal are (a) the constitutionality of Chapter 153, Laws 1959, § 21-3-16, 1953 Comp. (Supp.) providing judicial jurisdiction for the courts of this state in certain causes of action where personal service is made outside the state, and (b) if the statute is found to be constitutional, whether the defendant is amenable thereto.

The pertinent provisions of the statute read:

"A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

"(1) the transaction of any business within this state;"

We have no difficulty in disposing of the first question. The statute does not violate the due process clause of the Four-teenth Amendment to the Constitution of the United States. The cases, except the early case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, decided in 1877, and the cases of Rosser v. Rosser, 42 N.M. 360, 78 P.2d 1110; State ex rel. Truitt v. District Court, 44 N.M. 16, 96 P.2d 710, 126 A.L.R. 651, and State ex rel. Pavlo v. Scoggin, 60 N.M. 111, 287 P.2d 998, based thereon, are in accord that a state may by appropriate legislation constitutionally require that a resident of a foreign jurisdiction doing business in the state be subjected to its jurisdiction as to causes of action arising out of business transacted by such non-resident within the state. Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761; Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673; Sunday v. Donovan, 16 Ill.App.2d 116, 147 N.E.2d 401; Reeder Contractors of Ariz. v. Higgins Industries, 9 Cir., 265 F.2d 768; Rosenblum v. Judson Engineering Corp., 99 N.H. 267, 109 A.2d 558; Hess v. Pawlowski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. Incidently, our statute was adopted from the Illinois statutes, Chapter 110, § 17, Smith-Hurd Illinois Statutes Annotated. In adopting the statute, it is presumed that the New Mexico Legislature also adopted the prior construction of the statute by the highest courts of Illinois. While this presumption is not conclusive on this court, it

is persuasive. Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006.

In resolving the latter question, there is no definite formula; it turns on whether the defendant's activities with the state are to be construed as "the transaction of any business," and this is to be determined from the facts and we review them rather briefly.

The defendant is a resident of the State of Maryland and was personally served with process in Baltimore County, Maryland. The plaintiff's complaint, seeking equitable relief, alleges that the defendant personally and through his agent transacted business in New Mexico with respect to the following matters. The defendant held a judgment of $36,000.00 against the New Mexico Copper Corporation which resulted from a suit filed by him, and in which corporation the plaintiff was a large share holder. The plaintiff, desiring to protect the corporation from execution, entered into an agreement with the defendant in Lincoln County, New Mexico, whereby the plaintiff was to purchase the judgment, paying $10,000.00 cash, the balance of $26,000.00 to be paid in semi annual installments of $6,500.00 each, commencing September 3, 1959. The initial payment was made in Lincoln County, and, in order to secure the deferred payments, the plaintiff assigned to the defendant a mortgage which he held against the corporation securing monies advanced and to be advanced by him to the corporation, totalling $32,000.00. In consideration therefor the defendant agreed that he would not execute on the judgment so long as plaintiff was not in default. Subsequently, the corporation defaulted in interest payments to the plaintiff, and as a result of which the defendant threatened to foreclose the mortgage against the corporation and also threatened to execute on the judgment, though the plaintiff was not in default on the deferred payments. It was at this point the plaintiff instituted this action to enjoin the threatened acts of the defendant and to recover certain sums allegedly paid by him to the defendant pursuant to the terms of the contract.

The defendant appeared specially and moved to quash the service as violating the due process clause of the Fourteenth Amendment to the United States Constitution. At a hearing on the motion, the plaintiff introduced into evidence supporting affidavits and his own deposition, following which an order was entered quashing the service assertedly for the reason the defendant did not come within the purview of the statute, and, further, that the statute was unconstitutional.

■ We have already disposed of the constitutional question, and since the allegations of the plaintiff's complaint, supported by affidavits and his own deposition, stand undenied, we must conclude that the

activities of the defendant meet the minimal contact test laid down by the cases.

In the very recent case of Gray v. American Radiator & Standard Sanitary Corp., supra, decided June 14, 1961, the court announced the following factual test:

"Under modern doctrine the power of a State court to enter a binding judgment against one not served with process within the State depends upon two questions: first, whether he has certain minimum contacts with the State (see International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95, 102), and second, whether there has been a reasonable method of notification. See International Shoe Co. v. State of Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95, 104–105; Nelson v. Miller, 11 Ill.2d 378, 390, 143 N.E.2d 673. In the case at bar there is no contention that section 16 provides for inadequate notice or that its provisions were not followed. Defendant's argument on constitutionality is confined to the proposition that applying section 17(1) (b), where the injury is defendant's only contact with the State, would exceed the limits of due process."

The judgment is reversed and remanded with direction to the trial court to vacate the order quashing the service and proceed in a manner not inconsistent herewith.

It is so ordered.

CHAVEZ, MOISE and NOBLE, JJ., concur.

CARMODY, Justice (dissenting).

Being unable to agree with the constitutional disposition of this case, I dissent.