## Downs v. Downs Admr.

Appeal from Henry Circuit Court.

R. F. PEAK, Circuit Judge.

Judgment for Defendant. Plaintiff appeals. Affirmed.

Divorce and Alimony—Judgment in Foreign State—Proceeding in Rem—The plaintiff by a proceeding in rem in the State of Missouri, where she was then domiciled, sued for and obtained a divorce and $1,500 alimony against her husband, who was then a resident of the State of Indiana, which judgment was obtained by constructive process. Afterwards the husband moved to Kentucky and died in this State, whereupon the widow brought this action in this State against his administrator to settle his estate and subject it to her judgment for alimony. Held—That while the foreign judgment for divorce being in rem, is valid, the judgment for alimony being in personam is void for want of jurisdiction.

R. R. TIFFANY, H. K. BOURNE, W. S. PRYOR and JOHN W. RAY attorneys for appellant.

### POINTS DISCUSSED.

1. Missouri judgment for alimony enforceable in this State. (Young's Trustee v. Bullen, 19 Rep., 1561; Atherton v. Atherton, 181 U. S., 156; Lynde v. Lynde, 181 U. S., 181; Harding v. Harding, 198 U. S., 317; Arrington v. Arrington, 127 N. C., 195.

2. A Judgment for Alimony is not a personal judgment, but in rem (Audubon v. Shufeldt, 181 U. S., 575; Guerren's Admr. v. Ritchie, 91 S. W., 252.

3. By Constitution of United States full faith and credit is to be given to Mỉ souri judgment as it is entitled to in that State.

### ADDITIONAL CITATIONS.

Barber v. Barber, 21 Howard, page 582 & seq.; Audubon v. Shefeldt, 181 U. S., page 574; Calloway v. Glenn, 20 L. R., page 1447; Woods v. Woods, 78 Ky., page 629; Fisher v. Fredricks, 33 Mo., page 612; McHatton v. Rhodes, 76 Pacific R., page 1086; 52 Mo., page 55, 122 Mo., page 612; Wells v. Moore, 49 Mo., page 229, 45 Mo. app., page 287, 108 U. S., page 418; Gould v. Robertson, 91 U. S., page 534; Howard v. Howard, 15 Mass., page 196; Freemon on Judgments, Secs. 260, 265 & 267; Gould v. Evansville & C. R. R., 91 U. S., page 526; Kelley v. Kelley, 42 Am. Stat. R., page 398, 45 Am. St. Rep., 872, 37 L. R. A., page 805, 31 L. R. A., page 740; 41 L. R. A., page 504, 25 L. R. A., page 699; Miller Bros. Co. v. Capitol Ins. Co., 82 Iowa, page 52; Ambler v. Whipple, 32 Iowa, page 202; Turner v. Turner, 54 A. M. R., page 437, 5 Wall, page 592, Wells on Res Adjudicata; Babcock v. Marshall, 50 S. W., page 728; Maynard v. Waidrich, 156 Ind., page 575; Gilmore v. McClure, 138 Ind., page 576; Thompson v. Whitman, 18 Wall, page 547, U. State Statute, Sec. 906, 107 U. S., page 10; Biglow on Estoppel; Galaway v. Glenn, 20 L. R., page 1447).

JOHN D. CARROLL attorney for appellee, W. P. THORNE of counsel.

### AUTHORITIES CITED.

1. Divorce May Be Obtained on Constructive Service. (Rhyme v. Rhyme, 7 Bush, 316; Hall v. Hall, 102 Ky., 297; Atherton v. Atherton, 181 U. S., 155).

2. Personal Judgment for Alimony Can Not Be. (Pennoyer v. Neff, 5 Otto., U. S., 714; Prosser v. Warner, 19 Am. Rep., 132; Kline v. Kline, 42 Am. Rep., 47; De La Montanya v. De La Montanya, 32 L. R. A., 82; Brown v. Campbell, 38 Am. St. Rep., 314; Rigney v. Rigney, 24 Am. St. Rep., 462; Williams v. Preston, 3 J. J. M., 660; Cobb v. Haynes, 8 B. M., 137; Kerr v. Condy, 9 Bush, 372; Civil Code, Secs. 56, 419).

3. If petition on foreign judgment shows judgment was obtained on constructive service demurrer should be sustained. (Kerr v. Condy, 9 Bush, 372).

4. Indiana judgment valid and a bar. (Rogers v. Coleman, Hardin, 413; Kerr v. Condy, 9 Bush, 373; Rogers v. Rogers, 15 B. M., 364; Calloway v. Glenn, 105 Ky., 648; Am. & Eng. Encyc. of Law, Vol. 13, page 977).

7.   Judgment on Demurrer is bar.   (Thomas v. Bland, 91 Ky., 1; Wooley v. Louisville Banking Co., 81 Ky., 527; Am. & Eng. Encyc. of Law, Vol. 24, page 798 & 799).

OPINION BY JUDGE BARKER—Affirming.

The appellant, Allie Downs, intermarried with John Downs in the State of Missouri in 1891.   After their marriage they moved to the State of Indiana, where they lived for some time as man and wife, but where the appellant, owing, as she claims, to the brutal treatment of her husband, left him and returned to her former home in Missouri, where she afterward instituted an action against him for divorce which was granted her, and in addition she was awarded a judgment against him for the sum of $1,500 as alimony. This judgment was obtained by constructive process. After residing in Indiana for some time after the obtention of the judgment by his wife, Downs returned to his old home in Eminence, Ky., where he died intestate, without having again married, and leaving an estate valued at about $8,000.   The appellant then instituted this action in the Henry circuit court, for the purpose of settling his estate, and subjecting it, in so far as that was necessary, to the payment of her judgment.   Her claim was resisted by the personal representative and heirs of the decedent, mainly upon the ground that the judgment, being in personam, is void for want of jurisdiction in the Missouri court.

For the purpose of discussing the question thus arising, it may be assumed that appellant was legally domiciled in the State of Missouri at the time of the institution of her action there, that all of the proceedings had were entirely regular, and that the statutes of Missouri fully warranted the judgment which was rendered.   The question still recurs: Could the statutes of Missouri authorize, by any procedure short of actual process upon the defendant within its boundaries, or the entry of his appearance to the action, a personal judgment against him?   We have no doubt

of the jurisdiction of the Missouri court to decree the
divorce of the appellant from her husband.  This was
a procedure in rem, and of the res undoubtedly the
court had jurisdiction; the plaintiff being lawfully
domiciled in Missouri.  But a judment for a sum of
money by way of alimony is in personam, and in order
to acquire jurisdiction for this purpose it was .neces-
sary to obtain jurisdiction of the person of the defend-
ant.  This, as said before, can only be done in one of
two ways:  First, by the service of process upon him
within the territorial jurisdiction of the court; or, sec-
ond, by the voluntary entry of his appearance to the
action.  No State can, by force of its own laws, ac-
quire jurisdiction of the person of an absent defend-
ant.  If it could, then a defendant, no matter how
far removed from the country in which the plaintiff
resides, could escape being dragged away from his
home in order to defend the claim set up against him,
or, failing to do so, having rendered against him a
judgment by default, which could follow him to the
ends of the earth.  Therefore it is of no.moment that,
as a part of the constructive process issued against
the defendant in the procedure for divorce, a sum-
mons was issued in Missouri directed to a sheriff in
Indiana, and by him served upon the defendant.  The
sheriff of Indiana acted only under authority of the .
laws of Missouri, and these had no force in the State
of Indiana.

In Freeman on Judgments, § 564, the rule is thus
stated:  "It is said that 'no sovereignty can extend
its process beyond its own territorial limits, to subject
either person or property to its judicial decisions.
Every exertion of authority of this sort beyond this
limit is a mere nullity.' "  And, speaking particularly
of judgments of divorce, the learned author says
(section 584):  Judgments procured in any State by
constructive service of process upon non-residents are,
as we here have already seen, of no extra territorial
force in imposing obligations in personam.  But a sen-

tence of divorce has, or may have, a dual nature. It is a decree in rem, so far as it fixes the status of the parties by dissolving their marital obligations. But, so far as it disposes of any other matter than the marriage relation, it is in personam." Cooley, in his work on Constitutional Limitations (7th Ed. p. 584), says: "But in divorce cases, no more. than in any other, can the court make a decree for the payment of money by a defendant not served with process, and not appearing in the case, which shall be binding upon him personally. It must follow, in such a case, that the wife, when complainant, cannot obtain a valid decree for alimony nor a valid judgment for costs. If the defendant had property within the State, it would be competent to provide by law for the seizure and appropriation of such property, under the decree of the court, to the use of the complainant; but the legal tribunals elsewhere would not recognize a decree for alimony or for costs not based on personal service or appearance. The remedy of the complainant must generally, in these cases, be confined to a dissolution of the marriage, with the incidental benefits springing therefrom, and to an order for the custody of the children, if within the State." From Story on Conflict of Laws, § 539( we quote: "Considered in an international point of view, jurisdiction, to be rightfully exercised, must be founded either upon the person being within the territory, or upon the thing being within the territory; for otherwise there can be no sovereignty exerted. * * * On the other hand, no sovereignty can. extend its process beyond its own territorial limits, to subject either persons or property to its judicial decisions. Every exertion of authority of this sort of thing beyond this limit is a mere nullity, and incapable of binding such persons or property in any other tribunals." The principles herein announced are fully maintained in Williams v. Preston, 3 J. J. Marsh, 600, 20 Am. Dec. 179; Kerr, &c. v. Condy, 9 Bush, 372; Wickliff v. Dorsey, 1 Dana, 462; Cobb v. Haynes, 8 B.

Mon. 137; Latimer v. Union Pacific R. R. Co. (Mo.) 97 Am. Dec. 378; Prosser v. Warner (Vt.) 19 Am. Dec. 132; Kline v. Kline (Iowa) 10 N. W. 825, 42 Am. Rep. 47; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Thompson v. Whitman, 85 U. S. 457, 21 L. Ed. 897; Atherton v. Atherton, 181 U. S. 155, 21 Sup.' Ct. 544, 45 L. Ed. 794; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. —; De La Montanya v. De La Montanya (Cal.) 44 Pac. 345, 32 L. R. A. 82, 53 Am. St. Rep. 165; and the editor's note to Moyer v. Buck, 16 L. R. A. 231, where a large number of cases are cited and reviewed.

The counsel for appellant fail to recognize that a proceeding for divorce may be dual in its nature; that in so far as it settles the civil status of the parties or their children, or subjects property within the jurisdiction of the court to the satisfaction of the decree, it is in rem, and the defendant may be bound, although before the court only by constructive process; but that when the court goes further, and awards a money judgment against him, it must have obtained jurisdiction of his person in one of the two ways heretofore pointed out, in order that the judgment may be enforceable in a foreign State.

When this distinction is borne in mind, the authorities are harmonious, and without exception, so far as we are advised, sustain the ruling of the circuit court in the case at bar, in holding appellant's judgment for alimony on constructive process against her husband void.

The judgment is affirmed.