[No. 6779.   Decided August 1, 1907.]

DOLLIE A. PIPER, *Appellant*, v. WILLIAM E. PIPER, *Respondent.*[1]

MARRIAGE—ANNULMENT—PROCESS—DIVORCE — STATUTES — TITLES. The statute providing for summons by publication against nonresidents in actions for divorce, authorizes such summons in actions for annulment of the marriage, the legislature having invariably treated the two actions as belonging to one subject and established the same practice in both; and a legislative act treating of the same together does not embrace more than one subject; annulment being germane to a title which referred only to divorce.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 29, 1907, upon sustaining an objection to the introduction of plaintiff's evidence, dismissing an action for the annulment of a marriage.   Reversed.

*Roche & Onstine*, for appellant.

*R. M. Barnhart* and *Carroll A. Gordon*, as *Amici Curiae*.

HADLEY, C. J.—This is an action for the annulment of a marriage.   The complaint alleges that the plaintiff and defendant were intermarried on the 29th day of November, 1899, and that prior to and at the time of the marriage, defendant had a wife living, his marriage to whom was still in force and effect, undissolved by decree of divorce or otherwise.   Affidavit in due form was filed, showing that the defendant is a nonresident of this state, and that his residence is unknown to the plaintiff, his last-known place of residence being stated. Service of publication summons was regularly made in the usual manner.   No appearance was made by the defendant, and in due time a default was claimed against him.   The plaintiff offered evidence in support of her complaint, when the deputy prosecuting attorney, who appeared in behalf of

[1]Reported in 91 Pac. 189.

the state, objected to the hearing of any evidence, on the ground that the action is one for the annulment of a marriage, and that service of summons by publication is not authorized in such a case. The court sustained the objection and thereupon entered judgment, dismissing the action. Plaintiff has appealed.

The sole question presented by the appeal is whether our statutes authorize service of summons by publication in an action of this character. Pierce's Code, § 335, subd. 4 (Bal. Code, § 4877), authorizes service by publication upon a nonresident defendant "when the action is for divorce in the cases prescribed by law." Appellant argues that an action for the annulment of a marriage is, in this state, of the same nature as an action for divorce, and that it has always been treated by our legislatures in the passage of statutes as in effect the same. We believe this is true. In the territorial Laws of 1854, page 405 *et seq.*, and again in the territorial Laws of 1862, page 413 *et seq.*, suits for divorce and alimony and for the annulment of marriages are treated together in the same legislative acts. The same is true of § 2000 *et seq.* of the Code of 1881, and also of a subsequent act of the state legislature found in the session Laws of 1891, page 42. The legislative designations of the above statutes are as follows: "An act regulating divorces;" "An act to regulate suits for divorce and alimony;" "An act in relation to applications for divorce, amendatory of sections 2000 . . . of the Code of 1881." Section 4632 of Pierce's Code (Bal. Code, § 5718), provides that one must reside in this state for one year before applying for a divorce, and the same section makes the same provision with regard to suits for annulment of marriage. Section 4633 (Bal. Code, § 5719), also provides that the court shall require proof in either a suit for divorce or for annulment, when there has been a failure to answer, or when the answer admits the allegations of the complaint.

It thus appears that our legislature has invariably treated actions for divorce and for the annulment of marriages as

belonging to one general subject, and in conferring juris-
diction to grant divorces it has also been made to include the
annulment of marriages. No constitutional objection can well
be urged against classifying the two actions together for the
reason that the subject of the annulment of marriage is ger-
mane to that of divorce, and the statutes are therefore not
repugnant to the constitutional requirement that "no bill shall
embrace more than one subject, and that shall be expressed in
the title." That these two matters are often treated in stat-
utes as of the same subject and as germane to each other is
evident from the following:

"The word 'divorce,' as now used, means a dissolution of
the bonds of matrimony, although as used in the statutes of
many states, it includes both nullity and divorce . . .
The jurisdiction of courts to annul marriages is usually con-
ferred by statutes including both causes for annulment and
causes for divorce, without attempt to distinguish one from
the other. . . . The nullity suit, like a suit for divorce,
is a proceeding to establish the status of the parties. There-
fore the proceeding must be brought where the parties are
domiciled. The law of domicile will be the same as in divorce
proceedings." 19 Am. & Eng. Ency. Law (2d ed.), pp. 1218,
1219.

"A suit to declare a marriage null is held to be within the
term 'divorce suit' in a statute of the sort we are considering."
2 Bishop, Marriage, Divorce and Separation, § 786.

The same author, at § 808 of said volume, says:

"A statute creating a jurisdiction for 'divorce' carries with
it suits for nullity,—a doctrine before stated in another
aspect."

In view of the not uncommon legislative policy above in-
dicated, as well as in view of the express provisions of our
statutes, we think it has been the evident intention of our leg-
islature to establish the same jurisdiction and practice for
both divorce and annulment suits. It follows that there was
authority to serve the summons by publication in this action.

The judgment is therefore reversed, and the cause re-

manded with instructions to vacate the judgment of dismissal and proceed to hear the appellant's testimony.

FULLERTON, MOUNT, ROOT, and CROW, JJ., concur.