[No. 5658.]

Howe v. The Town of Gunnison et al.

1.   Limitation of Actions — Town Warrants — Repudiation by Town Authorities—Duty of Holder of Warrants.

Where warrants issued by a town are repudiated by the town authorities, who positively refuse to provide for their payment, it becomes the duty of the holder of the warrants to proceed with reasonable promptness in the assertion of his rights; nor will he be permitted to bide his time until the evidence showing such illegality has disappeared, either by the removal of witnesses, or the loss or destruction of papers and documents.—P. 543.

**2.  Same—When Action Barred.**

Where, in an action against a town on its repudiated warrants, it appears from the complaint that the first repudiation by the town authorities occurred more than six years prior to the commencement of the action, a demurrer that relief is barred by the six-year statute of limitations was correctly sustained.—P. 544.

*Error to the District Court of Gunnison County.*
*Hon Theron Stevens, Judge.*

Action by Eugene H. Howe against the town of Gunnison, T. J. Thompson, its mayor; W. E. Clark, its treasurer; and C. E. Pennington, E. E. Mueller, P. C. Bowles, E. E. Harper, Geo. Mason and W. L. Richardson, its board of trustees.   From a judgment for defendants, plaintiff brings error.   *Affirmed.*

Messrs. Richardson & Hawkins, for plaintiff in error.

No appearance for defendants in error.

Mr. Justice Helm delivered the opinion of the court:

The judgment of dismissal before us followed an order sustaining a demurrer to the amended complaint.   The action related to certain warrants issued by the town of Gunnison during the years 1885, 1887, 1888, aggregating the principal sum of $1,350.03.   The demurrer challenged the complaint upon two grounds: 1st, that a cause of action was not stated therein; and, 2d, that relief was barred by our six-years statute of limitations.

No oral argument was made in the case, and no printed argument or brief was filed for defendants in error.   Nor does the record contain any opinion or statement showing the specific ground upon which the demurrer was sustained by the court below,

A strong and persuasive printed argument is, however, filed on behalf of plaintiff in error, and from the same we infer that the ruling below rested upon the statute of limitations. It is insisted that the complaint was carefully drawn, and that its averments sufficiently state a cause of action and require an answer; also, that where, as in this instance, municipal warrants are issued by a town or city, which warrants are payable out of a special fund created by taxes to be levied, the statute of limitations does not begin to run until the money for the payment of such warrants has been collected and credited to the special fund, nor until by call of the warrants, or otherwise as provided by law, the holder has been legally notified to present the same for payment.

Upon both of these questions, as at present advised, we are strongly inclined to accept the view presented by counsel for plaintiff in error. But examination of the complaint reveals an infirmity not mentioned which is also reached by the latter branch of the demurrer, and might have been the basis of the ruling below.

The latest of the warrants in suit were issued and registered in 1888; this action was not begun until 1902; thus a period of fourteen years elapsed between the two dates. The complaint alleges that the town officers have at all times during this period claimed that there were no funds applicable to the payment of these warrants; also, that such officials have refused to levy a tax or otherwise provide for such payment. But in referring to those officials, and stating the reason for their refusal to make such levy, the pleading declares that: "They do now claim, and have at all times claimed—and their predecessors before them—that the said warrants and orders

are invalid and void, and that they have not provided, and will not provide, for the payment of the same or any part thereof.''

The paragraph in which this language occurs deals with the entire period mentioned; it describes the action of the town authorities and the efforts of the owner of the warrants from ''the dates of the said several registrations as aforesaid'' down to the time of the filing of the complaint. And we think it sufficiently appears on the face of the pleading that the first assertion by the town authorities of the invalidity of the warrants sued on and refusal to take care of the same, occurred more than six years prior to the commencement of the action.

The warrants were regular in form and appear to be binding contracts of the municipality; they were, according to the complaint, taken by plaintiff for valuable consideration and in good faith; their repudiation by the town authorities as illegal and invalid, coupled with a positive refusal to provide for their payment, certainly gave the holder a right to invoke judicial inquiry. Such holder at once became entitled to an adjudication in some form of the question of invalidity thus raised. And if successful upon such inquiry, he could properly require a tax levy, or in some appropriate way coerce payment, if the municipal authorities still declined to act.

Under these circumstances it became the duty of the holder of the warrants to proceed with reasonable promptness in the assertion of his rights. It cannot be that after such repudiation by the town officials he could remain passive indefinitely; he could not quietly wait for a change of heart by those officials, or for the election of others who would hold his warrants legal; nor could he fold his hands and bide his time until the evidence showing his warrants to be illegal had disappeared, either through the

death or removal of witnesses or by the loss or destruction of papers and documents.—*The Justices v. Orr*, 12 Ga. 141; 1 Dillon Munic. Corp. (4th ed.) § 505 note.

It follows from the foregoing that a plea of the statute of limitations was in order. And as the matters essential to such plea sufficiently appear in the complaint, the demurrer was correctly sustained.

The judgment will be affirmed.     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.