No. 14,092.

SCHOOLFIELD *v.* SCHOOL DISTRICT NO. 1, COUNTY OF
CUSTER.
(70 P. [2d] 353)

Decided June 21, 1937.   Rehearing denied July 12, 1937.

Mr. WALLACE SCHOOLFIELD, for plaintiff in error.

Messrs. LANGDON & BARBRICK, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as plaintiff and defendant, or as Schoolfield and the district. The county treasurer, originally a party defendant, was discharged on demurrer.

Schoolfield sued on six warrants drawn on the general fund of the district; three for $55 each and three for $35 each. The district answered with three defenses, the first of which was the statute of limitations. Trial was to the court without a jury. At the close of plaintiff's evidence defendant's motion for a nonsuit was sustained and judgment entered accordingly. To review that judgment plaintiff prosecutes this writ. We need consider but two questions raised by the assignments: 1. Was the plea of the statute in proper form? 2. Was it available?

1. The statute is thus pleaded: "That the cause of action therein stated is barred by the statute of limitations of the state of Colorado for the reason that this action was not commenced within six years next after said cause of action accrued." The objection raised to the plea is want of facts.

██ ██ Since the right given by the statute is special and personal it is presumed waived unless specially pleaded. The true reason for this rule is the prevention of surprise. *Adams v. Tucker,* 6 Colo. App. 393, 396, 40 Pac. 783. If the essential facts appear upon the face of the pleading the statute may be raised by demurrer; otherwise by answer stating such facts, that the adversary may be advised. Denison, Code Pleading, p. 581, §792. Such facts as are presumably within the special knowl-

edge of the adversary, or depend upon his evidence and cannot be admitted by the pleader without prejudice, would not come within the reason, hence not within the rule. In that event the pleader may make plain his intent to rely upon the statute and await the evidence which demonstrates its applicability. Here the intent to rely upon the statute is clear. There was no possibility of surprise. Plaintiff is presumed to know when his cause of action accrued. That date is the very crux of his contention that the statute is not applicable. He might have moved to strike, or make more specific. Instead he contented himself with a general denial of this defense. He cites 13 Ency. Pl. and Pr., p. 214, and defendant answers with *Sweet v. Barnard,* 66 Colo. 526, 534, 182 Pac. 22; and *Sundin v. Frost,* 71 Colo. 367, 371, 206 Pac. 1071. A careful consideration thereof, in the light of the foregoing, convinces us that, in the instant case, the plea was good.

2. One of these warrants was issued in November, 1890; three in December of that year, and two in January, 1891. Shortly thereafter they were presented for payment, which was refused for want of funds. Plaintiff acquired them in 1926 and 1927. He was himself county treasurer from 1929 to 1934. Between 1910 and 1929 defendant had in the general fund of its treasury more than enough money to pay these and all previously registered warrants, and therefrom others of subsequent registration were taken up. The complaint herein was filed February 25, 1936. No record was found in the county treasurer's office of the call of these warrants. The only record of other calls was a small book in which the calls were entered by pasting proof of publication, but in former years by pasting newspaper clippings. Section 8801, p. 2246, C. L. 1921, makes it the duty of the county treasurer, when available funds of the district are in his hands, to pay warrants in the order of their registration, and when he has $200 so available to "call" warrants by twenty days' newspaper publication

of notice, after which the interest ceases. Plaintiff's position is that no call was made; that for the purposes of said section 8801 the county treasurer is an officer of the district; that his neglect was the neglect of defendant; and that by reason of these things the district cannot avail itself of the benefits of the statute, since the warrants do not become payable until called, and in the absence of such call the holder's cause of action accrued only when suit was brought. In this we find defects both of fact and law. No statute requires the treasurer to keep a record of his calls of school warrants. The record here was so negligently kept as to be no evidence that no call was made. The general presumption is that officials do their duty. That the county treasurer is an officer of the district is contrary to our conclusion in *People. ex rel. v. Koenig,* 99 Colo. 456, 459, 63 P. (2d) 1235. Said section 8801, supra, is a statute for the protection of the district. Its purpose is to stop interest on warrants which the district stands ready to pay. It contains nothing in itself, and we know of no judicial construction put upon it, indicating that it was intended to confer a privilege or an advantage upon warrant holders. *Bodman v. Johnson County,* 115 Ia. 296, 88 N. W. 331. Counsel for plaintiff cites 37 C. J., p. 813, §158, "Where payment is provided for out of a particular fund or in a particular way, the debtor cannot plead the statute of limitations without showing that the particular fund has been provided or the method pursued." But the record here shows the fund was provided and no way or method of payment neglected to plaintiff's injury. Counsel also relies upon *Howe v. Town of Gunnison,* 42 Colo. 540, 542, 95 Pac. 283, and *Berkey v. County Com'rs,* 48 Colo. 104, 110 Pac. 197. In the Howe case this court merely states the position of plaintiff in error with which it says it is "strongly inclined" to agree, then disposes of the case on another point. Defendants in error made no appearance. The Berkey case was an action in mandamus to compel the levy of a tax, and the county, wholly in de-

fault, sought the protection of the statute. The court held the defense not available because the bonds, to pay which the levy was sought, were not barred, and "the limitation applicable to the bonds is applicable to the remedy. The statute not having run against the claim itself, the exclusive remedy by which it may be enforced ought not to be barred." The authority is not in point. "Each registered warrant matures as soon as sufficient money has accumulated in the treasury to the credit of the proper fund for its payment, after paying all other warrants of the same class whose registry was prior in time. The holder of a warrant has a right to its payment at its maturity." *Board of Com'rs Grand County v. People,* 16 Colo. App. 215, 222, 64 Pac. 675. When he has such right his cause of action accrues and the statute begins to run. *Forbes v. Board of Com'rs Grand County,* 23 Colo. 344, 47 Pac. 388.

Since funds more than sufficient to pay these and all prior warrants were in the treasury much more than six years preceding the bringing of this suit, the statute pleaded is applicable and the action is barred.

The judgment is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE HOLLAND concur.