## Gayle v. Gayle.

Feb. 19, 1946.

614

Joseph M. Hayse and Nellie S. Hayse, for appellant.

Lawrence Grauman for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Alleging that at the time she entered into a marriage ceremony in the State of New York with appellee, she had a living husband, from whom she was not divorced, appellant instituted this action in the Jefferson Circuit Court to have the marriage annulled and declared void. Appellant is a citizen and resident of Jefferson County; appellee is a nonresident of the State. He is before the Court by constructive service only. The Chancellor dismissed the petition, upon the ground that he did not have jurisdiction of the defendant. The correctness of this ruling is the only question before us.

For certain distinguishing purposes, proceedings are divided into three classes, viz.: in personam, in rem, and quasi in rem. For the purpose of this decision, there is no distinction in proceedings in rem and quasi in rem. A judgment in a proceeding in rem is an adjudication upon the status of some particular thing by a tribunal having jurisdiction of the subject matter; it differs from a judgment in a proceeding in personam, in that the latter is an adjudication of the rights of the parties to the action, and does not directly affect the status of a thing or res. Combs v. Combs, 249 Ky. 155, 60 S. W. 2d 368, 89 A. L. R. 1095. A personal judgment is a pronouncement binding only on the parties to the action and their privies; whilst a judgment in rem, by a court of competent jurisdiction, is a pronouncement upon the status of the subject matter, and is binding upon the world. Booth v. Copley, 283 Ky. 23, 140 S. W. 2d 662. Judgments in rem and quasi in rem may be pronounced in an action in which the defendant has been notified by constructive process; whereas, a personal judgment may be pronounced only by personal service upon the defendant within the territorial jurisdiction of the court, or by his voluntary appearance to the action. Combs v. Combs, supra. Because the action is in rem,

a judgment of divorce may be entered upon constructive service, where the plaintiff is a resident of this State. Downs v. Downs' Adm'r, 123 Ky. 405, 96 S. W. 536, 29 Ky. Law Rep. 849. Appellant argues that there is no distinction to be made between a judgment for a divorce from the bonds of matrimony and a judgment declaring that no ceremony was validly performed. Whilst this question heretofore has not been presented to this Court, appellant's contention is contrary to the almost universal rule, which is stated in 35 Am. Jur. sec. 75, p. 229, in the following language: "Although the jurisdiction of the courts of the domicil of one of the parties to render a decree of annulment of a marriage celebrated elsewhere is generally recognized, the view has been taken that in the absence of statute, such jurisdiction may not be exercised under a constructive service of process upon the nonresident defendant by publication or personally without the state."

In the case of divorce, the marriage status is the thing or res upon which the Court may act. In an action for annulment on the ground the marriage ceremony was void, the very allegations of the petition preclude the existence of the thing or res. In 128 A. L. R. page 63, it is said: "Moreover, it seems absurd to speak of that state as having created the res or the status, when the very issue in the annulment suit is whether a status was created. The premise of the doctrine which assumes that a status was created by the locus celebrationis, on which the claim for exclusive jurisdiction rests, seems fallacious, because that question will only be determined by the very litigation in which the jurisdiction is assumed, and jurisdiction may not be predicated on an issue yet undetermined in the very litigation in which its existence is invoked. If the court should find that the ceremony effected a valid marriage, while the jurisdictional requirement that the locus celebrationis must have created a res or a status is satisfied by retroactive operation of the court's finding, the purpose of the annulment suit is thereby defeated; but if the court decides that a ceremony did not effect a valid marriage, such a decision is an implied admission by the court that it acted without jurisdiction to begin with. Thus the court's own decision is an implied repudiation of its jurisdiction to entertain the suit. Such is not the situation in divorce cases which presuppose that a status was validly cre-

ated and was in existence at the commencement of the divorce suit.''

Since, as we have seen, this is an action for a personal judgment, and the defendant personally has neither been served within the territorial limits of the Court, nor entered his appearance, the Chancellor correctly refused to entertain the action.

The judgment is affirmed.