No. 16, 832.

OWEN *v.* OWEN.
(257 P. [2d] 581)

Decided April 20, 1953. Rehearing denied May 11, 1953.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, for plaintiff in error.

Mr. C. BLAKE HIESTER, JR., Mr. THOMAS M. TIERNEY, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

HEREIN we will refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff's complaint was filed August 29, 1950, in the county court of the City and County of Denver. In the complaint it was alleged, in substance, that plaintiff was duly appointed conservatrix of the estate and person of James W. Owen on November 7, 1949, and as such conservatrix brings this action for and in behalf of the estate and person of said James W. Owen; that said James W. Owen was duly adjudged a mental incompetent on April 12, 1949; that he and defendant entered into a "pretended civil marriage ceremony" at Dallas, Texas, on November 30, 1946, and for a short period of time thereafter lived together "as purported husband and wife"; and that at the time of said pretended marriage James W. Owen was of unsound mind, mentally incompetent, and incapable of entering into a valid marriage contract. The prayer of the complaint was for a decree of annulment of said marriage.

Summons was issued and service thereof was made upon the defendant in person in Dallas, Texas. Thereafter defendant filed her motion as follows:

"Comes Marian Murdoch Owen, by her attorneys, Akolt, Campbell, Turnquist & Shepherd and Thomas M. Tierney, and appearing specially for the purpose of presenting this Motion only and for no other purpose moves the Court to vacate, quash and set aside the summons served herein, and as grounds for said Motion states and alleges:

"1. That the said Marian Murdoch Owen is now and at all times mentioned herein was a resident, citizen and domiciliary of the State of Texas, and she is not, nor was she at any time mentioned herein, a resident, citizen or domiciliary of the State of Colorado.

"2. That service of process in this action was not made upon the said Marian Murdoch Owen in the State of Colorado.

"3. That the complaint filed herein seeks a decree of annulment and such a proceeding is not one in which service of process outside the State of Colorado is authorized by the laws of this State.

"4. That the summons issued herein is wholly insufficient to give to this Court jurisdiction over the person of the said Marian Murdoch Owen.

"5. That the attempted service of process herein is wholly insufficient to give to this Court jurisdiction over the person of the said Marian Murdoch Owen.

"6. That this Court has no jurisdiction over the person of the said Marian Murdoch Owen.

"Wherefore, the said Marian Murdoch Owen moves the Court to enter its order vacating, quashing and setting aside the summons issued herein.

"Without in any way waiving the above and foregoing motion to vacate, set aside and quash the summons issued herein, but in compliance with Rule 12 (g) of the Rules of Civil Procedure, the said Marian Murdoch Owen further moves the Court to enter its order dismissing the complaint filed herein, and as grounds for said motion states and alleges:

"That this Court has no jurisdiction over the subject-matter of said complaint.

"Wherefore, the said Marian Murdoch Owen moves this Court to enter an order dismissing the complaint filed herein."

January 2, 1951, the cause was heard in the county court and plaintiff suffered adverse judgment from which she appealed to the district court of the City and County of Denver, and on April 16, 1951, the cause was heard in the district court. The motion of defendant to quash service of summons was granted, and the court further ordered the entry of judgment dismissing the action at the cost of plaintiff. Judgment was entered accordingly, and plaintiff, seeking reversal thereof, brings the case here by writ of error.

It is argued by counsel for plaintiff that personal

service of summons outside the State of Colorado is valid under the provisions of Rule 4(f) (3) R.C.P. Colo. as amended, 113 Colo. 594, which provides, inter alia: "In any action affecting specific property or status or in any other proceeding in rem, upon a natural person of any age, without regard of his residence, or upon any other person, without regard to its domicile, by delivering a copy of the pleading and process thereon, in the manner provided by this rule for personal service in this state upon such person."

The argument of plaintiff's attorneys is that an action for annulment is an action in rem and not in personam; that the res is the marital relation which continues as a legal status until set aside by judicial decree; that the action in annulment operates upon this specific status; and that the service of summons outside the State of Colorado was sufficient to confer jurisdiction for all purposes of the action.

On behalf of defendant it is argued that an action for annulment of a marriage is a personal action; that service of summons outside the State of Colorado conferred no jurisdiction over the person of defendant; and that no error was committed in sustaining the motion of defendant to dismiss the complaint, since the court did not have jurisdiction over the subject matter of the action.

*Questions to be Determined.*

First: *Where conservatrix of a person adjudicated a mental incompetent brings an action in Colorado for the annulment of a marriage performed in the State of Texas three years prior to the date of the adjudication of incompetency, and causes summons in said action to be served on the defendant in the State of Texas; does such service confer jurisdiction upon the Colorado court over the person of the defendant, under the provisions of Rule 4 (f) (3) R.C.P. Colo. as amended?*

This question is answered in the negative. While nu-

merous cases have been decided in other jurisdictions on the question of whether constructive service upon a nonresident defendant in an action for annulment is sufficient to confer jurisdiction over defendant, our court has not heretofore decided the question. Under Rule 4 (f) (3) R.C.P. Colo. as amended, the service is good if it can be said that an annulment action is one affecting a specific "status" or is a proceeding "in rem." The authorities from other jurisdictions are not in agreement. An exhaustive note, in which the question is discussed, appears in 128 A.L.R. 61, 73 (3), from which we quote the following: "Although the jurisdiction of the courts of the domicil of one of the parties to render a decree of annulment of a marriage celebrated elsewhere is generally recognized (supra, II c 1), the courts are practically unanimous in holding that such jurisdiction may not be exercised under a constructive service of process upon the nonresident defendant by publication or personally without the state." Numerous authorities are cited in support of the rule. The annotation continues, page 74: "This view in effect requires the presence of the defendant within the state so that personal service may be made upon him within the state, or at least appearance by him, before the courts of the plaintiff's domicil may exercise jurisdiction in the annulment action."

In the states of Washington and California constructive service upon a nonresident defendant in actions for annulment is good. *Piper v. Piper,* 46 Wash. 671, 91 Pac. 189; *Bing Gee v. Chan Lai Yung Gee,* 89 Cal. App. (2d) 877, 202 P. (2d) 360. In the case last cited the court, after adopting the minority rule, pointed out that it was, "contrary to the rule followed in most of the other states, as disclosed by the decisions to which we have been referred or which we have found."

 Personal service outside the state, when made upon a defendant in an action for divorce, generally is held to be valid since an action for divorce unquestion-

ably is an action in rem. *Hanscom v. Hanscom,* 6 Colo. App. 97, 39 Pac. 885. It is argued that the rule is equally applicable to proceedings for annulment, in that the matrimonial "status" is the subject of each action. In *Payne v. Payne,* 121 Colo. 212, 214 P. (2d) 495, our court directed attention to the fact that actions for divorce and for annulment have fundamental differences. In that case we said: "We appreciate the difference between actions for divorce and annulment, the former being based on a valid marriage and a cause of divorce arising post-nuptially, while the latter pre-supposes and is based entirely upon the assumption that by reason of some legal impediment the parties were incapable of contracting a valid marriage. In other words, in the latter case, because of the legal impediment, the attempted marriage is void ab initio."

The Supreme Court of Kentucky, in the case of *Gayle v. Gayle,* 301 Ky. 613, 192 S.W. (2d) 821, makes clear the reason for the requirement of personal service within the state in which an annulment action is filed. We quote the following from the opinion in that case:

"Appellant argues that there is no distinction to be made between a judgment for a divorce from the bonds of matrimony and a judgment declaring that no ceremony was validly performed. Whilst this question heretofore has not been presented to this Court, appellant's contention is contrary to the almost universal rule, which is stated in 35 Am. Jur. sec. 75, p 229, in the following language: 'Although the jurisdiction of the courts of the domicil of one of the parties to render a decree of annulment of a marriage celebrated elsewhere is generally recognized, the view has been taken that in the absence of statute, such jurisdiction may not be exercised under a constructive service of process upon the nonresident defendant by publication or personally without the state.'

"In the case of divorce, the marriage status is the thing or res upon which the Court may act. In an action

for annulment on the ground the marriage ceremony was void, the very allegations of the petition preclude the existence of the thing or res. In 128 A.L.R. page 63, it is said: 'Moreover, it seems absurd to speak of that state as having created the res or the status, when the very issue in the annulment suit is whether a status was created. The premise of the doctrine which assumes that a status was created by the locus celebrationis, on which the claim for exclusive jurisdiction rests, seems fallacious, because that question will only be determined by the very litigation in which the jurisdiction is assumed, and jurisdiction may not be predicated on an issue yet undetermined in the very litigation in which its existence is invoked. If the court should find that the ceremony effected a valid marriage, while the jurisdictional requirement that the locus celebrationis must have created a res or a status is satisfied by retroactive operation of the court's finding, the purpose of the annulment suit is thereby defeated; but if the court decides that a ceremony did not effect a valid marriage, such a decision is an implied admission by the court that it acted without jurisdiction to begin with. Thus the court's own decision is an implied repudiation of its jurisdiction to entertain the suit. Such is not the situation in divorce cases which presuppose that a status was validly created and was in existence at the commencement of the divorce suit.' "

The trial court did not err in sustaining the motion to quash the service of summons, and to that extent the judgment is affirmed.

Second: *In an action instituted in Colorado for the annulment of a marriage performed in Texas, does the court have jurisdiction over the subject matter of the complaint?*

This question is answered in the affirmative. On behalf of defendant it is argued that, "The statutes of the State of Colorado, granting to the Courts of this

State jurisdiction to declare the annulment of a marriage are applicable only to marriages performed in the State of Colorado, and have no extra-territorial application." Upon the question thus presented the authorities are in conflict. We recognized the conflict but did not decide the question in *Payne v. Payne; supra.* Our court in that case said: "Upon this question there is a great diversity of authority, some courts holding that a suit for the annulment must be brought in the jurisdiction where the ceremonial marriage was performed, while others fix the jurisdiction for annulment on the basis of the domicile of the parties or one of them." Decisions of other appellate courts were there cited, together with citations to opinions of text writers, in support of the conflicting views prevailing in the several jurisdictions of the country.

We adopt the view announced by the Supreme Court of Kansas in the case of *Westerman v. Westerman,* 121 Kans. 501, 247 Pac. 863, from which we quote as follows: "But whatever the evidence may have been, the question whether the Missouri marriage was valid or void was a judicial question, which the court was authorized to determine. Its decision might be contrary to all the decided cases, all the textbooks, and all the magazine articles on the subject; it might be subject to reversal on appeal; but it would be erroneous only, and not void for lack of jurisdiction to decide as it did decide."

We hold that the courts of Colorado have jurisdiction to determine the validity of a marriage performed outside the state whenever the parties thereto, or one of them, are domiciled within Colorado. The validity of the marriage is a question to be determined according to the law of the state within which the marriage was performed. *Payne v. Payne, supra.*

We express no opinion as to whether defendant has waived objection to service of the summons by filing her motion to dismiss the action.

Accordingly the cause is remanded to the trial court with instructions that the complaint of plaintiff be reinstated, and that, whenever the court has proper jurisdiction over the person of the defendant, the action shall proceed as in other cases.