## PROTHRO v. PROTHRO.

.Court of Appeals of Kentucky.

Nov. 20, 1953.

Rehearing Denied March 19, 1954.

——◆——

Bell & Orr, Joe B. Orr, Bowling Green, for appellant.

Myers & Logan, Rodes K. Myers, Bowling Green, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment annulling the marriage of James Thompson Prothro, Jr., and Ann Gorin·Prothro, performed in 1950, on the grounds of fraud, misrepresentation and deceit on the part of Mr. Prothro. In urging reversal Mr. Prothro argues that the annulment of a marriage is an action for a personal judgment, and the court should have refused to entertain the action since he was neither personally served within the territorial limits of the court's jurisdiction nor was his appearance entered in the action. We think his position is well taken.

The Prothros were first married in Simpson County, in 1941. Mr. Prothro, who was a football coach, filed suit for divorce in Tennessee, in 1947. While that action was pending, Mrs. Prothro filed an alienation of affections suit in the United States District Court in Memphis against Mr. Prothro's parents. An agreement was reached between the parties, and Mrs. Prothro filed suit for divorce in the Simpson Circuit Court. She was granted a divorce in that court, in 1948, and was awarded the custody of an infant daughter. A trust fund was established for her and the child. The alienation of affections suit was dismissed. The parties remarried in Simpson County, in July, 1950. They were in Tennessee for a while and then went to California, where Mr. Prothro was an assistant coach at U. C. L. A.

The basis of the annulment action is that Mr. Prothro fraudulently instigated the marriage of the parties in 1950, in order to have Mrs. Prothro under his control so that he could get her to agree to the discontinuance of the payments under the trust agreement and return to him the money which she had been paid. Mr. Prothro filed suit for a divorce in California. It is Mrs. Prothro's contention that this suit was filed when she refused to agree to her husband's demands concerning the trust fund. Mrs. Prothro filed an answer in the California proceeding and she was granted an interlocutory decree which was entered in September, 1952. This decree became final in September, 1953. Mrs. Prothro argues that she was advised by counsel in California that, if she did not file an answer in the divorce proceeding, Mr. Prothro would be granted an interlocutory decree. The annulment proceeding now before us was filed in the Simpson Circuit Court, in August, 1952. The California proceeding was then pending.

It is the contention of Mrs. Prothro that a marriage can be annulled only in the county and state in which the marriage was

**40**

performed and in which the license for the marriage was issued; and further that, since the Simpson Circuit Court has jurisdiction of the subject matter, service through a warning order attorney is sufficient.

We think the opinion in the case of Gayle v. Gayle, 301 Ky. 613, 192 S.W.2d 821, is controlling here. In that case the annulment action was instituted by the wife in Jefferson County. The marriage had been performed in New York. The husband was a nonresident. He was before the court by constructive service only. We affirmed the judgment of the chancellor on the ground that the husband was never served within the territorial limits of the court's jurisdiction, nor had he entered his appearance in the action. Mrs. Prothro was before the California court. The question she raised in her annulment proceeding in Simpson County could have been raised in the California court.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.