**Worden Churchill TYLER, Petitioner,**

**v.**

**Hon. Macauley L. SMITH, Judge, Jefferson Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

Rehearing Denied Dec. 3, 1954.

Henry I. Fox, Louisville, for petitioner.

Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for respondent.

MILLIKEN, Justice.

This is an original action in this court in which the complainant seeks a writ of prohibition against the Hon. Macauley L. Smith, as Judge of the Jefferson Circuit Court, to prohibit him from proceeding further in Jefferson Circuit Court Case No. C.R. 6255, on the ground that his court has no jurisdiction. This court

is authorized to issue such writs in proper cases. Constitution, Section 110.

The present complaint is an outgrowth of an action filed in 1954 by the Citizens Fidelity Bank & Trust Company of Louisville v. Worden Churchill Tyler and Helen Ellyson Abercrombie, in which the Trust Company sought the court's direction as to the distribution of the remainder of a trust fund which was created by the will of Worden P. Churchill, who died in Jefferson County on April 5, 1915. Neither Mrs. Abercrombie nor Mr. Tyler are residents of Kentucky, she being now a resident of Rhode Island and he of the State of Washington. Mrs. Abercrombie formerly was Mrs. Worden Churchill Tyler, but obtained a divorce from him by constructive service in Anne Arundell County, Maryland on April 6, 1945 on the ground of abandonment, and was awarded the custody of their two children. Maryland was the state of the marriage domicile, but Mr. Tyler's whereabouts were unknown, he had no property located in that state at that time, and, as a consequence, the Maryland court was unable to make provision for alimony for his divorced wife (Mrs. Abercrombie) or for the support and maintenance of their two minor children.

In June, 1946, Mrs. Abercrombie (then Mrs. Tyler) instituted a suit in the Jefferson Circuit Court, styled Tyler v. Tyler, No. 296080, to recover for the support and maintenance of her two infant children. An attachment was issued against the property of Mr. Tyler located in Kentucky and held by the Citizens Fidelity Bank & Trust Company, as trustee under the will of Worden P. Churchill for the benefit of Mr. Tyler. In November, 1946, Mrs. Tyler obtained judgment awarding her maintenance of $50 a month for each of the children and directing the Trust Company to pay the income from the trust to her for that purpose. Mr. Tyler did not appear in this action, but the trust fund in which he had an interest was properly attached.

In her answer to the declaratory judgment action of the Trust Company seeking the court's direction as to the distribution of the trust fund, now that the time of distribution has arrived, Mrs. Abercrombie again attached the trust fund and requested that the Trust Company pay over to her the sum of $9,310.74, as arrearage in the maintenance award, and for a judgment impounding the balance of the trust fund for the future maintenance of her children, now fourteen and sixteen years of age.

Mr. Tyler filed no answer to the declaratory judgment proceeding brought against him and his former wife by the Trust Company, but now seeks the aid of this court on the ground that any affirmative action of the chancellor would be void because of lack of jurisdiction and could result in irreparable harm. It is true that neither the children, their mother nor Mr. Tyler are residents of the State of Kentucky, but it is equally true that the trust fund is within the jurisdiction of the courts of this state. In his brief Mr. Tyler attacks the validity of the original judgment of the Jefferson Circuit Court, which awarded his former wife an allowance for maintenance of the children to be paid out of the income from the trust fund. We will not go into the subject of collateral attack on the judgment in this opinion, but, suffice it to say, the Jefferson Circuit Court had jurisdiction of the trust res and the income therefrom, and actual jurisdiction over Mr. Tyler or the children or Mr. Tyler's former wife was not necessary. Where a party is not personally subject to jurisdiction of the court but his property is, and is attached, the court has jurisdiction to render a judgment that the property be applied to the payment of a claim against it. The court, however, can not render a judgment imposing a personal liability on the party over whom it has no jurisdiction, but a judgment such as that given here is valid to the extent, and only to the extent, that it affects the interest of the party in the property attached, and this is true even though in form the judgment may appear to be a personal judgment. Restatement of the Law of Judgments, Section 34(f), page 140.

A writ of prohibition is an extraordinary remedy and not a substitute for appeal or for other adequate relief allowed by statute. We conclude that the chancellor clearly had jurisdiction of the trust fund and the income therefrom and proceeded properly, and not erroneously, in exercising his jurisdiction. Osborn v. Wolfford, Circuit Judge, 239 Ky. 470, 39 S.W.2d 672.

The order of prohibition is denied.