**Worden Churchill TYLER, Appellant,**

v.

**Worden P. CHURCHILL'S TRUSTEE (Citizens Fidelity Bank and Trust Company) et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 21, 1956.

Henry I. Fox, Louisville, for appellant.

Wm. H. Crutcher, Jr., Edwin G. Middleton, Louisville, for appellees.

CULLEN, Commissioner.

Under the terms of a trust having a Kentucky situs, the corpus of the trust became distributable to Worden Churchill Tyler. In an action brought in the Jefferson Circuit Court, by the trustee, in which Tyler and his former wife, Mrs. Helen Abercrombie, were named as defendants, judgment was entered awarding Mrs. Abercrombie some $10,500, out of the corpus of the trust, as support money for the two children who had been born to the parties during their marriage. Tyler filed notice of appeal from the judgment. Also, two months after the judgment was entered, he moved under CR 60.02 to have the judgment set aside as void. This motion was overruled and Tyler filed notice of appeal from the order overruling the motion. Tyler attempted to perfect both appeals but failed to file within the required time the record on the appeal from the judgment, and that appeal was dismissed by order of this Court. Accordingly there is before us only the appeal from the order overruling the motion to set aside the judgment. This means that the only question to be considered is whether the judgment is void.

Tyler asserts that the judgment is void both because of lack of jurisdiction of the subject matter and because of lack of jurisdiction of his person.

While the action was pending in the circuit court, and before judgment, Tyler sought a writ of prohibition from this Court to prohibit the circuit court from proceeding further with the action, on the ground that the circuit court had no jurisdiction of the subject matter. This Court denied the writ, holding specifically that the circuit court did have jurisdiction of the subject matter. Tyler v. Smith, Ky., 272 S.W.2d 454. The opinion in that case sets forth the facts out of which Mrs. Abercrombie's claim for support money for the children arose, and the grounds of Tyler's claim of no jurisdiction.

The decision in Tyler v. Smith, Ky., 272 S.W.2d 454 is res judicata on the question of jurisdiction of the subject matter. 2 Freeman on Judgments, sec. 1498.

The contention of Tyler that the court did not have jurisdiction of his person is based on the fact that originally there was no service of process in the action. However, constructive service of Tyler was obtained on Mrs. Abercrombie's amended cross-complaint, and this gave the court sufficient jurisdiction over Tyler to enable the court to subject the trust res to the claim of Mrs. Abercrombie.

Tyler makes a number of arguments that are addressed to errors of the court in granting judgment for Mrs. Abercrombie. As hereinbefore indicated, these cannot be considered because Tyler did not perfect his appeal from the judgment.

The order overruling the motion to set aside the judgment is affirmed.