Thomas H. MINARY, Jr., et al., Appellants,

v.

Myra Galvin MINARY et al., Appellees.

CITIZENS FIDELITY BANK & TRUST
COMPANY, etc., et al., Appellants,

v.

Thomas H. MINARY, Jr., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 29, 1965.

James W. Stites, Louisville, for Thomas H. Minary, Jr., and Amelia Minary Gant.

Joseph J. Leary, Frankfort, for Myra Gavin Minary.

William J. Goodwin, and Garner M. Petrie, Louisville, for Citizens Fidelity Bank & Trust Co.

WADDILL, Commissioner.

These appeals, which are being considered together, present for our determination whether the trial court erred in dismissing these actions for lack of jurisdiction.

Amelia Minary died testate on June 15, 1932. Her will placed the residue of her estate in a trust, the income of which was to be paid to her three sons, James, Helm and Alfred, during their lifetime.

Alfred Minary died September 16, 1963, without issue but leaving a widow, Myra Minary, whom he had adopted as his child and heir through proceedings in the Jefferson Circuit Court in 1959. By the terms of Amelia Minary's will the trust terminated upon Alfred's death and was to be distributed " * * * to my then surviving heirs according to the laws of descent and distribution then in force in Kentucky, * * *."

On November 8, 1963, the trustees under Amelia Minary's will sought a declaration of rights in the Jefferson Circuit Court

under KRS 418.040 to determine the proper distributees of the trust. Thomas Minary and Amelia Gant, the only grandchildren by blood of Amelia Minary, and Myra Minary, each of whom claimed an interest in the corpus of the trust, were made parties. Thomas Minary and Amelia Gant then filed a separate action directly attacking the judgment of adoption of Myra Minary, seeking to have it declared void. These two actions were considered together by the trial court. Immediately after the filing of the trustee's action Myra left Kentucky and she was constructively served by warning order attorney in each of these actions.

Myra appeared specially in both actions and moved to dismiss for lack of jurisdiction of her person. In passing on these motions the trial court was of the opinion that each action was essentially an attack on the adoption judgment and that each action was, therefore, in personam. Accordingly judgments were entered dismissing each action. Upon these appeals it is contended for reversal that each action is in rem and that the trial court had jurisdiction to decide these controversies.

Apparently the nature of a direct attack on a judgment of adoption has not been considered by this Court. However, the Supreme Court of Indiana in Risner v. Risner, 243 Ind. 581, 189 N.E.2d 105, had this specific question presented by an attack on an Indiana adoption judgment where the adopted child and its adoptive parents had become residents of Florida and were served constructively. In holding that it did not have jurisdiction to determine the validity of the adoption judgment, the Indiana Court said:

"Insofar as there was no res over which the court could have had jurisdiction, the action was in personam in nature."

We had an analogous situation in Prothro v. Prothro, Ky., 265 S.W.2d 39, wherein a wife sought to annul a marriage although she had only constructively served her husband in California. We held that the action was in personam and the court did not have jurisdiction. After a careful consideration of the many aspects involved we have concluded that the attack on the judgment of adoption was in personam and that the trial court properly dismissed this action for lack of jurisdiction. Cf. Moore v. Smith, 228 Ky. 286, 14 S.W.2d 1072.

We next consider the appeal from the judgment entered in the action for a declaration of rights. The chief question which the trustees seek to have determined is how the corpus of the trust should be distributed. It cannot be successfully denied that the situs of the trust is in Jefferson County and is therefore within the jurisdiction of the Jefferson Circuit Court.

In a similar declaratory judgment action to obtain the direction of the court for distribution of the remainder of a trust wherein the beneficiary of the trust was a nonresident who had been served constructively this Court held that, since the court had jurisdiction of the trust res (as in the instant case), it could render judgment affecting the beneficiary's interest in the res (although in the absence of personal service it could not impose personal liability). Tyler v. Smith, Ky., 272 S.W.2d 454. In a subsequent companion case we held that this decision was res judicata on the question of jurisdiction of the subject matter and we further held that constructive service of the non-resident beneficiary gave the court sufficient jurisdiction of the person to subject the trust res to a claim made against the interest of the non-resident. Tyler v. Churchill's Trustee, Ky., 293 S.W.2d 731. We believe the foregoing cases are dispositive of the primary question here presented. Hence, we conclude that the action for a declaration of rights was in rem and it was error to sustain Myra's motion to dismiss.

The judgment dismissing the action instituted by Thomas Minary and Amelia Gant against Myra Minary is affirmed; the

judgment dismissing the action for a declaration of rights brought by the trustees is reversed with directions to overrule the motion to dismiss and for further proceedings not inconsistent with this opinion.