HAVERFIELD, Chief Judge.
Petitioners, Patricia Koslow and Alan Winston, the children of Ethel Rifkin, deceased, appeal a summary final judgment finding that the respondent, Harry Rifkin, as the surviving spouse of Ethel, was entitled to receive the $50,000 specific legacy as provided in her last will and testament in this declaratory judgment action seeking a determination that the marriage between Harry and Ethel is void and, therefore, Harry is entitled to take nothing. under Ethel’s will.
Prior to the marriage of Harry Rifkin and Ethel Winston, they entered into an antenuptial agreement whereby Ethel agreed to bequeath Harry $50,000 upon his surviving as her widower, provided that no proceeding had been instituted for dissolution of marriage or separate maintenance up to the time of her death and the parties were living together as husband and wife. Ethel executed a last will and testament incorporating the above provision of the agreement. Upon Ethel’s demise, they had been living as husband and wife. Her will was admitted to probate and Alan Winston and Patricia Koslow, appellants herein, qualified as the designated co-executors. A court order was entered directing payment of the $50,000 legacy to Harry. Thereafter, Patricia and Alan filed the present petition for declaratory judgment in which they prayed that the marriage between Ethel and Harry be declared void ab initio and Harry be directed to pay back all monies received from Ethel’s estate. The facts giving rise to this action are as follows:
Prior to marrying Ethel, Harry had been married to Renee Davis. Being dissatisfied with this marriage, Mrs. Davis removed herself to Denver, Colorado and after establishing residency there, filed an annulment action. As permitted by Colorado statute,[1] constructive service was made on Harry by publication. Harry did not appear and a decree of annulment which reads in pertinent part was entered:
“THIS CAUSE, having been tried on the 19th day of August, 1971, upon its merits, the plaintiff being represented by Jon F. Kidneigh, attorney of record, and the defendant not appearing in person or by attorney; and the Court having examined the record herein, finds that it has jurisdiction, and having considered the evidence and statements of counsel FINDS:
“That an annulment should be granted to the plaintiff upon the statutory grounds of fraud in the inducement to marry, and that plaintiff should be returned to her name of Renee Davis; THEREFORE
“IT IS ORDERED, ADJUDGED AND DECREED that an annulment be granted to the plaintiff and the marriage between plaintiff and defendant is hereby dissolved and plaintiff is returned to her former name of Renee Davis.
“IT IS FURTHER ORDERED that this Court retains such jurisdiction of this action as is conferred by law.”
In their petition for declaratory judgment, Patricia and Alan contend that the marriage between Harry and Renee was unlawfully annulled, that they are still legally married to one another and consequently the marriage of Harry to Ethel, the decedent, was null and void. In support of this contention, Patricia and Alan allege (1) in an annulment action, personal service is required notwithstanding the Colorado statute providing for constructive service because annulment is an in personam action *1199 as held by the Colorado Supreme Court in Owen v. Owen, 127 Colo. 359, 257 P.2d 581 (1953); (2) the Colorado annulment statute provides that the action must be brought within one year after the discovery of the grounds and the action by Renee Davis was brought more than a year after the discovery of the grounds; and (3) Renee Davis was not a domiciliary of the State of Colorado. Harry answered denying the invalidity of the Colorado annulment decree and pled as affirmative defenses full faith and credit and lack of standing of Patricia and Alan to collaterally attack the Colorado annulment decree. Pretrial discovery ensued and both parties filed motions for summary judgment. An affidavit in opposition to Alan’s and Patricia’s motion for summary judgment was filed by Renee Davis who alleged therein that she was a bona fide resident of Denver, Colorado for two years and after her separation from Harry, she did not know where he was residing. In addition, affidavits were filed by two Colorado attorneys who stated that since the enactment of Section 46-3-8 of the Colorado Revised Statutes (1963), Owen v. Owen, supra is no longer the law. After several hearings, the trial court ruled that the Colorado annulment decree be given full faith and credit and decreed that as surviving spouse Harry was entitled to receive the specific legacy provided for in Ethel’s will. Thereupon, final summary judgment was entered in his favor. Patricia and Alan appeal.
Their first contention is that the court erred in upholding the validity of the Colorado annulment statute because in Owen v. Owen, supra, the Colorado Supreme Court held that annulment is an in personam action requiring personal service as opposed to an action in rem and this matter being one for judicial not legislative determination, the Colorado legislature could not void this determination by enacting the subject annulment statute designating an annulment proceeding as an action in rem (permitting constructive service) and, therefore, the statute is invalid. We find this point lacks merit.
It would be entirely inappropriate for this court to pass upon the validity of a Colorado statute. It also appears the validity of the annulment statute has been upheld in Young v. Colorado National Bank of Denver, 148 Colo. 104, 365 P.2d 701 (1961) and Edwards v. Edwards, 481 P.2d 432 (Colo.App.1970).
Where a statute specifically authorizes constructive service upon a non-resident defendant in an action for annulment of a marriage, the court has power to entertain the action upon constructive service on the non-resident defendant. See 4 Am. Jur.2d, Annulment of Marriage § 65 (1962) and Annot. 43 ALR 2d 1086, 1095 (1955).
Last, constructive service in an action for annulment of marriage does not contradict the public policy of this state as our own statutes so provide. See Section 49.011(4), Florida Statutes (1975).
For their second point on appeal it is urged that the action for annulment was not brought by Renee Davis within one year of the discovery of the fraud as required by the annulment statute and, therefore, the action was barred by the statute of limitations.
We conclude this point lacks merit as the defense of the statute of limitations is personal to the defendant who may waive it by failure to impose it timely. See Schoolfield v. School Dist. No. 1 in Custer County, 101 Colo. 56, 70 P.2d 353 (1937).
Finally, we find that the underlying issue which is dispositive of this case is “full faith and credit”. It is well established law that every state is required to recognize and respect the valid final decrees and orders of the courts of all other states. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). Further, a decree of any state is presumed valid and ordinarily will be honored in any state where an attempt is made to bring suit on the same cause of action. Newton v. New *1200 ton, 245 So.2d 45 (Fla.1971). The Colorado court having had jurisdiction over the subject matter and the parties and the annulment decree being otherwise regular on its face, the trial court correctly determined that the decree was entitled to full faith and credit. See 19 Fla.Jur., Judgments and Decrees §§ 343-4 (1958).
Summary judgment affirmed.

. Section 46-3-8: “Suits for annulment or determination of marital status shall be actions in rem, effecting a specific status. The process, practice, and proceedings shall be in accord-anee with the Rules of Civil Procedure, for other civil actions, in rem, affecting a specific status.”