PER CURIAM.
David H. Brown appeals the trial court’s sua sponte dismissal of his petition for annulment for lack of personal and subject matter jurisdiction. He contends that the appellee’s citizenship and residence are not relevant to a determination of jurisdiction in an action solely for annulment where the requirements of sections 49.011, 49.021, and 49.041, Florida Statutes (2008), have been satisfied. The issue involves questions of law, subject to de novo review. Lowe v. Lowe, 948 So.2d 836, 839 (Fla. 4th DCA 2007); Nissen v. Cortez Moreno, 10 So.3d 1110, 1111 (Fla. 3d DCA 2009). We reverse.
Appellant, a resident of Duval County, Florida, married Daucia T. Cowell, a citizen and resident of the sovereign nation of Jamaica, in Portmore, Jamaica, on April 14, 2008. Shortly thereafter, appellant disaffirmed the marriage upon learning that appellee entered the marriage solely for the limited purpose of obtaining U.S. citizenship.
He then filed a petition for annulment in Duval County, alleging his marriage to appellee was void or voidable as contrary to public immigration policy. Unable to discover appellee’s current residence, appellant attempted to serve process by publication pursuant to section 49.011, Florida Statutes (2008).
The trial court, however, sua sponte dismissed appellant’s petition for lack of jurisdiction. The judge reasoned she had no jurisdiction over appellee or the marriage because appellee was a resident of Jamaica and not a citizen of the United States and because the parties had never lived together in Florida as husband and wife. This timely appeal followed.
Although personal service may be a preferred method of process, statutory law provides for constructive service of process on a non-resident defendant in any action for annulment where personal service cannot be had. See §§ 49.011, 49.021, Fla. Stat. (2008); Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla.1986); In re Rifkin’s Estate, 359 So.2d 1197, 1199 (Fla. 3d DCA 1978). Ap-pellee does not reside in Florida, and appellant could not determine her current residence despite “diligent search and inquiry.” Appellant permissibly accessed the statutory provisions for service by publication, and the trial court should have proceeded to determine whether such satisfied those provisions’ requirements.
Also, the circuit court did not lack subject matter jurisdiction. A circuit court’s jurisdiction over a petition for annulment arises from its “equitable chancery jurisdiction,” Wright v. Wright, 778 So.2d 352, 354 (Fla. 2d DCA 2001), and is not predicated upon the citizenship or residency of the respondent.
REVERSED and REMANDED for further proceedings.
BARFIELD, KAHN, and VAN NORTWICK, JJ„ concur.